INHABITANTS OF PALMER *vs.* ELAM FERRY, Administrator.

A contract, made with the brother of a female pauper by a committee appointed by a town " to negotiate the case" of that pauper, and signed by the committee in their own names the terms of which are that the brother shall pay the town a certain sum annually during the life of the pauper, and release all claim to a certain fund in the hands of another relation for her support, and the town shall support her and save him harmless from all litigation with his brothers in relation to such support, which contract is afterwards acted upon by the brother and the town, is valid, and binds the town, though not expressly ratified by them.

ACTION OF CONTRACT against the administrator of the estate of Oliver Ferry upon the following agreement :

" Memorandum of an agreement made at Palmer this thirteenth day of April 1844 by and between the town of Palmer on one part and Oliver Ferry of Brimfield on the other part witnesseth as follows, viz : The said Oliver Ferry hereby binds himself, his heirs, executors and administrators firmly by these presents to pay to the said town of Palmer the sum of twenty five dollars annually towards the support of Molly Ferry, his unfortunate sister ; said sum is to be paid to said town of Palmer for each and every year, so long as she the said Molly shall live, and the like sum in proportion for parts of a year. The said town of Palmer is to cause the said Molly to be well provided for and made as comfortable as circumstances will admit, so long as she shall live ; and also to save the said Oliver harmless from all litigation with his brothers on account of a settlement with said town in relation to the support of his sister as aforesaid. And the said Oliver Ferry hereby relinquishes all claim to a certain sum of money in the hands of Reuben Ferry for the support of his sister above named. And this instrument is to make a final settlement of all claims which the said town of Palmer may have against the said Oliver Ferry, as executor of the last will and testament of Judah Ferry, late of said Palmer, deceased ; and this instrument is to take effect from the first of this present month. In testimony whereof we have hereunto set our hands and seals in presence of

| Franklin Morgan. | | Oliver Ferry, | [Seal.] |
| | | A V. Blanchard, | [Seal.] |
| Committee of Palmer. | | Elisha Converse, | [Seal.] |
| | | Cyrus Knox, | [Seal.]" |

The parties submitted the case to the decision of the court upon the following statement of facts : This agreement was executed by the persons whose signatures are attached to it ; but the defendant denies that it was authorized or ratified by the town of Palmer. A warrant for calling a town meeting in Palmer, to be held on the 11th of March 1844, contained the following article : " 7th. To see what course the town will take in relation to the support of Molly Ferry, a pauper, and act thereon." At such meeting, it was " voted to choose a commit

tee of three to negotiate the Molly Ferry case." Directly under the record of this vote on the books of the town were entered the names of "A. V. Blanchard, Cyrus Knox, Elisha Converse, Committee ;" and a copy of the contract; but no vote of the town in relation to it appears. The town have since provided for the support of Molly Ferry according to the terms of the agreement; and the sum of twenty five dollars yearly was paid yearly by Oliver Ferry to the town until April 1853, but has not been paid since.

*R. A. Chapman*, for the plaintiffs.

*N. A. Leonard*, ( *C. Torrey* with him,) for the defendant. 1. The committee were empowered to " negotiate," not to make a contract.

2. The contract which they made was not so executed by them as to bind the town, or to enable the town to enforce it. It only bound the committee personally. *Brinley* v. *Mann*, 2 Cush. 337. *Mussey* v. *Scott*, 7 Cush. 216. *Elwell* v. *Shaw*, 16 Mass. 47. *Abbey* v. *Chase*, 6 Cush. 54. There was no express ratification of it by vote of the town. And no ratification can be implied from the acts of the parties under it.

3. The contract was void. The town, as a corporate body, could not make such a contract, because it was not " necessary and convenient for the exercise of their corporate powers," within the meaning of Rev. Sts. *c.* 15, § 11. *Spaulding* v. *Lowell*, 23 Pick. 71. *Anthony* v. *Adams*, 1 Met. 284. *Stetson* v. *Kempton*, 13 Mass. 279. It was also void, as against public policy ; being in the nature of a speculation on the future ability of Oliver Ferry to support the pauper, and on the chances of two law suits ; and a compromise of a 'claim upon her relations, instead of looking to the remedy against them given by Rev. Sts. *c.* 46, §§ 5, 6. *Cole* v. *Gower*, 6 East, 116. Chit. Con. (8th Amer. ed.) 579.

METCALF, J. We are of opinion that the appointment, by the town, of a committee to " negotiate the Molly Ferry case," under the seventh article in the warrant for the town meeting, authorized the committee to make the contract with Oliver Ferry, the defendant's intestate, on which this action is brought.

The whole course of proceedings, after that contract was made, shows that this was the construction given to that vote, by all parties concerned. Nor was this an unnatural or strained construction; for one of the definitions of the word "negotiate" is "to conclude by bargain, treaty or agreement." And as there is nothing illegal in that contract, and the town have hitherto performed their part of it, Oliver Ferry's representatives must perform their part of it. Indeed, we are not certain that the covenants of the parties to this contract are not independent; so that either party might maintain an action for breach thereof, without showing performance on his part. 1 Saund. 320, *note* 4. We express no opinion, however, on that point.

*Judgment for the plaintiffs*