J. J. COMBES v. T. T. AND J. B. ADAMS ET AL.

(Filed 22 December, 1908.)

DEFENDANTS T. T. AND J. B. ADAMS APPEALED.

1. **Deeds and Conveyances—Contracts to Convey—Specific Performance—Consideration.**

    A binding contract to convey land, when there has been no fraud, mistake, undue influence or oppression, will be specifically enforced; and as a rule the mere inadequacy of price, without more, will not affect the application of the principle.

2. **Deeds and Conveyances—Contracts to Convey—Specific Performance—Principal and Agent.**

    Where the specific performance of a contract, signed by the owner or principal, is of such character as to be enforcible, it is also enforcible if signed by his agent "thereto lawfully authorized."

3. **Same—Written Appointment—Sufficiency.**

    A written power given to an agent authorizing him to negotiate for the sale of lands at a certain price, restricting it to a period of thirty days, the owner and principal binding himself to "execute good conveyances to such purchaser as the agent may produce, on the payment of the price," imports authority to the agent to enter into and make a binding agreement of sale in accordance with the provisions of the instrument.

**4. Deeds and Conveyances—Contracts to Convey—Registration Laws.**

Contracts to convey land come within the express provision of our registration laws. (Revisal, sec. 980.)

**5. Same—Principal and Agent—Injunction—Prima Facie Right.**

When the plaintiff claims under a contract to convey lands, valid upon its face and signed by the agent of the owner or principal thereto lawfully authorized, he has a *prima facie* right to the issuance of a restraining order against defendants committing trespass upon the lands, claiming under a like contract from the owner or principal, registered at a time subsequent to that of registration of plaintiff's contract.

**6. Same—Fraud—Questions for Jury.**

When both plaintiff and defendant are claiming the same lands under different contracts to convey, and the plaintiff has shown a *prima facie* right to the continuance of the restraining order theretofore granted by virtue of his contract being first recorded, controverted questions of conspiracy and fraud respecting the validity of plaintiff's contract are matters properly referable to a jury, and the restraining order should be continued to the hearing. (*Tise v. Whitaker*, 144 N. C., 507, cited and approved.)

ACTION from MACON, heard by *Ferguson, J.,* on 22 June, 1908, on return to preliminary restraining order.

The action was instituted by plaintiff to enforce specific performance of a contract to convey land situated in Macon County against defendants T. W. McLoud, attorney in fact of Henry Stewart, Sr., Cassie Stewart, T. T. Adams and J. B. Adams (under the firm name of T. T. Adams Company), Henry Stewart, Jr., and Lula Stewart, T. B. Shepherd and R. A. Shepherd, plaintiff claiming the right to such relief under and by virtue of the following instruments:

"EXHIBIT A."

"This agreement, entered into this 4 April, 1908, by and between Henry Stewart, Sr., and Cassie Stewart, by T. W. Mc-Loud, their attorney in fact, and Henry Stewart, Jr., of Highlands, N. C., of the first part, and T. B. Shepherd of the second part:

"Witnesseth, That the said parties of the first part hereby authorize the said party of the second part to negotiate for the

sale of certain lands in Highlands Township, known as Stewart lands, except therefrom the lands known as the Dobson lands, at the price of $5 per acre; said boundary being estimated approximately to contain 3,000 acres; that the said party of the second part is to have as his commission for the effecting of said sale the sum of ten per cent of the price for which said lands are sold, the same to be paid in equal proportions by the several parties of the first part; and the parties of the first part agree with the party of the second part that this authority shall take effect on 29 April, 1908, and continue for a period of thirty days; and they further agree to allow a reasonable time thereafter for examination of titles by the purchaser and survey of the lands, if required, and that they will execute good and sufficient conveyances in the law to such purchaser as the party of the second part shall produce to the parties of the first part upon the tender by such purchaser of the purchase price per acre as herein stipulated for.

"Witness our hands, the day and year above written.

"HENRY STEWART, SR.,
"CASSIE STEWART,
"By T. M. McLOUD,
     *Their Attorney in Fact.*
"HENRY STEWART, JR.

"Attest: W. T. POTTS."

"EXHIBIT B."

"NORTH CAROLINA—Macon County.

"This agreement, made and entered into this 14 May, 1908, by T. B. Shepherd and wife, R. A. Shepherd, of Macon County and State of North Carolina, parties of the first part, and J. J. Combes, of Swain County and State of North Carolina, party of the second part:

"Witnesseth, That for and in consideration of the payment by the party of the second part, during the life of this agreement, of the sum of $6 per acre to the parties of the first part for all the lands described and defined in a contract made and entered into on 4 April, 1908, between T. B. Shepherd and Henry Stewart, Sr., and Cassie Stewart, by their attorney in

fact, .T. M. McLoud, and Henry Stewart, Jr., which contract was registered on 16 April, 1908, in book 3-A of deeds in the register's office of Macon County, N. C., at pages 272 and 273, to which reference is hereby specially made for more definite description. Said parties of the first part, upon payment of the price as above set forth by the party of the second part, agree to make or cause to be made a deed of the kind and nature mentioned in said contract or agreement to the party of the second part. Said parties of the first part agree to allow said party of the second part a reasonable time to examine and investigate the titles to said lands above described, in the event that said party of the second part decides to purchase or take said lands before the expiration of this agreement.

"This agreement shall be null and void on and after 31 May, 1908.                    "T. B. SHEPHERD.    [Seal.]
                              "R. A. SHEPHERD.    [Seal.]"

"Filed 26 May, 1908.          R. M. LEDFORD, C. S. C."

"Exhibit A" was registered in Macon County, 16 April, 1908, and "Exhibit B," the contract with plaintiff, was executed on 14 May, 1908, and registered in Macon County on same date. Plaintiff alleges his readiness and ability to presently comply with the contract on his part. Defendants T. T. and J. B. Adams hold a contract for the same lands, executed by Henry and Cassie Stewart, by T. M. McLoud, their attorney in fact, and Henry and Lula Stewart, bearing date of 29 April, 1908, and registered in Macon County 25 May, 1908. As ancillary to plaintiff's principal demand for specific performance, plaintiff sued out a restraining order in the cause, alleging that defendants T. T. and J. B. Adams, claiming the right to do so under their contract, have wrongfully and unlawfully entered upon said land and are committing divers trespasses and depredations thereon, and are threatening to cut and destroy and remove the valued timber growing in and upon said land, to plaintiff's great and irreparable damage, and that said defendants will carry out this threat and wrongful purpose unless restrained, etc.

Defendants T. T. and J. B. Adams admit that they had entered upon said land with the intent to acquire and own the same under their contract with the Stewarts, and allege that there is a fraudulent combination and conspiracy between Combes and Shepherd to prevent the Stewarts from complying with their contract; and aver, further, that the contract ("Exhibit B") under which plaintiff claims an interest and seeks to acquire ownership of the lands is without proper authority and is legally insufficient to impart any interest in the land.

The restraining order was continued to the hearing, and defendants T. T. and J. B. Adams excepted and appealed. The appeal bond was filed on 28 July, 1908. Appeal perfected 9 November and duly docketed in the court 11 November, 1908.

*A. W. Horn* and *Davidson, Bourne & Parker* for plaintiff. *Robertson & Benbow* and *Busbee & Busbee* for defendants.

HOKE, J., after stating the facts: It is accepted doctrine that a binding contract to convey land, when there has been no fraud or mistake or undue influence or oppression, will be specifically enforced. *Rudisill v. Whitener,* 146 N. C., 403; *Boles v. Caudle,* 133 N. C., 528; *Whitted v. Fuquay,* 127 N. C., 68. This last decision being to the effect that mere inadequacy of price, without more, will not as a rule interrupt or prevent the application of the principle. It is also well recognized with us that in order to make a valid contract concerning land, under the statute of frauds, it is not required that there should be a signing by the owner or principal, but that a signature by an agent "thereto lawfully authorized" is sufficient. *Phillips v. Hooker,* 62 N. C., 193. And this position may obtain under some circumstances, though the agent be acting for an undisclosed principal. *Nicholson v. Dover,* 145 N. C., 18. These contracts, too, coming within the express terms of our registration laws, if otherwise binding and valid, the one first registered will confer the superior right. Revisal, sec. 980.

It will be noted that the defendants T. T. and J. B. Adams claim the land in controversy under the Stewarts by an instrument registered on 25 May, and the contract of plaintiff, signed by T. B. Shepherd ("Exhibit B"), having been registered prior

to that under which defendants claim, to wit, on 14 May, if said Shepherd was an agent "thereto legally authorized," the plaintiff, on the face of the papers, would have the better claim. In this aspect of the case the rights of the parties will depend chiefly on the proper construction of the instrument under and by virtue of which T. B. Shepherd acted ("Exhibit A"), this instrument having been likewise registered prior to defendants' contract. On behalf of defendants it is earnestly argued that this instrument ("Exhibit A") only conferred upon T. B. Shepherd the usual power of an ordinary real-estate broker, and that the authority of such an agent is restricted, as a rule, to bringing the parties together or finding a purchaser ready and able to pay the price, and the authorities cited in the learned brief of defendants' counsel are apt in support of this position, notably *Kramer v. Blair,* 88 Va., 456; *Morris v. Ruddy,* 20 N. J. Eq., 236; *Johnson v. Land Co.,* 111 Ga., 491; Clark and Skyles on Agency, sec. 751. But we do not think that this instrument ("Exhibit A") can be so restricted. There is high authority to the effect that the term "negotiate" itself imports authority to enter into and make a binding agreement. *Palmer v. Ferry,* 72 Mass., 420. And while this may not be true in every instance or in a general proposition, in this case, as in the authority cited, when taken in connection with the purposes and nature of the instrument and with the other terms of expressions contained therein, we are of opinion that the power given to negotiate a sale of these lands clearly conferred and was intended to confer on T. B. Shepherd the power to make a contract that would bind the parties. A perusal of the entire instrument gives clear indication that such was the purpose. He was authorized to "negotiate for the sale of the Stewart lands at the price of $5 per acre," the authority was restricted to a period of thirty days, and the owners bound themselves to "execute good conveyances to such purchaser as the parties may produce on the payment of the price." Indeed, there was no occasion to execute a paper at all unless this effect was to be given it; and while this of itself would not be controlling, it adds force to the interpretation we have given it.

While we make no question of the correctness of the general proposition insisted on by defendants, we are of opinion that this instrument confers much larger powers than those ordinarily possessed by real-estate brokers, and authorized the agent, as stated, to make a binding contract to convey the property. The plaintiff, then, holding a contract for the property, signed by an agent thereto duly authorized, and first registered, on the face of the papers, has a *prima facie* right to the relief which he seeks, and the court correctly adjudged that the restraining order be continued to the hearing. True, there are allegations and evidence, on the part of the defendants tending to impeach the plaintiff's claim by reason of conspiracy and fraud, but these are questions to be referred to the jury for decision. They are denied by plaintiff, and on the facts presented it is proper to apply to them the rule laid down in *Tise v. Whitaker,* 144 N. C., 507, "that if the evidence raises serious question as to the existence of facts which make for plaintiff's right, and sufficient to establish it, a preliminary restraining order will be continued to the hearing."

There is no error, and the judgment below is
Affirmed.

---

DEFENDANT HENRY STEWART'S APPEAL.

Appeal and Error—Interlocutory Orders—Power of Trial Court— Motion to Set Aside Judgment—Newly Discovered Evidence.

All questions incident to and necessarily involved in an appeal from an order continuing a restraining order to the hearing are carried by the appeal to the Supreme Court, and as to such there is thereafter no power in the trial judge to entertain a motion to set aside the judgment for newly discovered evidence.

HOKE, J.   After the appeal of T. T. and J. B. Adams was perfected in this case, being from a judgment continuing a restraining order to the hearing, and after same was docketed in this Court, Henry Stewart, another one of defendants, moved before his Honor *R. B. Peebles, J.,* riding the courts of the Sixteenth District, to set aside the restraining order on account of newly discovered evidence, etc.   The judge denied the motion,

holding that the cause as to the questions involved in the restraining order was no longer before the Superior Court and that he had no power to comply with the defendant's motion. The defendant Stewart excepted and appealed.

There is no error. While the Court has held that an appeal from an interlocutory order leaves the action for all other purposes in the court below, the decision is also to the effect that the disposition of the interlocutory order and all questions incident to and necessarily involved in the ruling thereon are carried by the appeal to the appellate court, and the judge below therefore had no power to entertain or act upon appellant's motion. *Green v. Griffin,* 95 N. C., 50.

The judgment denying defendant's application is

Affirmed.