IDA E. GARRISON ET AL. v. R. WILLIAMS ET AL.

(Filed 19 May, 1909.)

**1. Pleadings—Answer—Demurrer.**

When a complaint does not state a cause of action, the defect is not waived by answering, and defendant may demur *ore tenus,* and the Supreme Court may take notice of the insufficiency, *ex mero motu.*

**2. State's Lands—Enterer—Time for Payment—The Code—Revisal.**

The Code, sec. 2766, providing the time limit in which the enterer of the State's vacant and unappropriated lands should pay for them, applies to such entries made before the adoption of the Revisal, sec. 173, making certain changes in that respect.

**3. State's Land—Enterer—Notice of Entry, by Whom Made.**

The legislative intent is that the posting of the notice of an entry of the State's vacant and unappropriated lands should be

made by its officer and not by the enterer; and the requirement that the protest should be filed within the ten days during which the notice of entry is posted (The Code, sec. 2765) is mandatory.

4. **State's Land—Enterer—Time of Protest—Condition Annexed—Limitation of Actions.**

The provision that protest must be filed to an entry of the State's vacant and unappropriated land within ten days, etc., is a condition annexed to the right of protest, and not a statute, of limitation.

5. **State's Land—Enterer—Protest—Pleadings—Irregularities—Answer—Waiver—Demurrer.**

When it is alleged by an enterer of the State's vacant and unappropriated lands, in his complaint, that defendant protested his entries before the time limited for him to take out his grant, and thus prevented him from doing so, pending the proceedings to determine the validity of the protest, the failure to allege that the notice of entry was seasonably given would be but a defective statement of his cause of action, which an answer would waive, and as against which a subsequent demurrer would be bad, it being equivalent to a motion to dismiss after answer.

ACTION tried before *Ferguson, J.,* on demurrer to complaint, at December Term, 1908, of BURKE.

Plaintiff appealed.

*J. M. Mull* and *S. J. Ervin* for plaintiffs.
*Avery & Ervin* and *Avery & Avery* for defendants.

WALKER, J. This action was brought by the plaintiffs for the purpose of having the defendants declared trustees for the *feme* plaintiff, Ida E. Garrison, of certain tracts of land, described in the amended complaint, containing about fifteen hundred acres. She alleged that, on 14 August, 1900, she duly entered said land in the office of the entry taker of Burke County, and that, in the year 1902, the defendant Richard Williams entered the same land, and his rights under said entry, if any, have passed to his codefendants, with notice of the prior entry of the *feme* plaintiff. That, on 22 December, 1902, just nine days before the time limited for the *feme* plaintiff to take out her grant, the defendants protested her entries, and thereby preventd her from having a grant issued during the pendency of the proceedings to determine the validity of the protest. That

while said proceeding was pending, and during the year 1904, the defendants caused grants to be issued upon the entry laid by the said Richard Williams, and thereby acquired, though unlawfully, wrongfully and fraudulently, the legal title to the premises. That the protest of the defendants was, at August Term, 1905, of the Superior Court, decided against them, and the *feme* plaintiff thereupon, and within nine days after the rendition of the judgment of the court in the said proceeding, obtained warrants of survey and received grants from the State for the said lands. Answers were filed by the defendants, denying the fraud alleged in the complaint and asserting title to the land in dispute. When the case was called for trial the defendants demurred *ore tenus* to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained. The plaintiffs excepted and assigned the following errors:

"1. That the court permitted the defendants, who had filed an answer, to demur *ore tenus* to the amended complaint, when the cause was upon the calendar for trial and had been reached and called for trial.

"2. That the court refused to tax the defendants with the cost of the witnesses subpœnaed and in attendance upon the court for the trial of the cause, the same being upon the calendar and having been reached and called for trial upon the pleadings.

"3. That the court sustained the defendant's demurrer *ore tenus* and ruled that the amended complaint failed to state a cause of action.

"4. That the judgment rendered was erroneous."

Disposing of the question of procedure *in limine,* we have repeatedly held that where a complaint states no cause of action such a defect is not waived by answering. The defendant may demur *ore tenus,* and, furthermore, this Court may take notice *ex mero motu* of the insufficiency of the complaint in this respect. If the cause of action, as stated by the plaintiff, is inherently bad, why permit him to proceed further in the case, for if he proves everything that he alleges he must eventually fail in the action. *Blackmore v. Winders,* 144 N. C., 212;

*Elam v. Barnes,* 110 N. C., 73.   Our decisions upon this matter
are in strict accordance with the very letter and spirit of the
law.   Revisal, sec. 478.

The real question in the case is, whether the *feme* plaintiff
was, in contemplation of the law, prevented by the action or
conduct of the defendants, or any one of them, from obtaining
grants upon her entries from the State.   It was provided by
The Code, sec. 2766, which was in force when the entries of Mrs.
Garrison were made, that "All entries of land made in the course
of any one year shall, in every event, be paid for on or before
the thirty-first day of December, which shall happen in the
second year thereafter; and all entries of land not thus paid for
shall become null and void, and may be entered by any other
person."   The Revisal of 1905, sec. 173, makes a different pro-
vision and requires that all entries of land shall be paid for
within one year from the date of entry, unless a protest be filed
to the entry, in which event the payment shall be made within
twelve months after final judgment on the protest; and if the
payment is not made within the said time, the entry shall be
null and void and the land may be entered by any other person.
This case, of course, is governed by the law as contained in The
Code.   If the land was not subject to entry, any person claiming
title to, or an interest in, the same, or any part thereof, was
authorized to file a protest with the entry taker against the
issuing of a warrant of survey thereon, and the entry taker
*thereupon* certified the entry and protest to the Superior Court,
where the issue as to the validity of the entry was tried, but the
protest was required to be filed within ten days after the posting
of the notice of entry by the entry taker.   Code, sec. 2765.   It
was evidently contemplated by the Legislature that the posting
of the notice of entry should be made, not by the enterer, but by
one of its officers, namely, the entry taker, and that the protest
should be filed within the ten days during which the notice of
the entry was posted.   This provision of the law we regard as
mandatory.   The protest must be filed within the time fixed
by the statute.   It is a condition annexed to the right of protest,
and not a statute of limitation.   The time for paying the pur-
chase price and taking out a grant had not expired when the

protest was filed. It does not appear by any allegation in the pleadings whether the entry taker ever posted notice of the plaintiffs' entries. If it was necessary for the plaintiff to have alleged that the notice had not been seasonably given by the entry taker, so that the protest was filed in time and she was thereby, prevented from obtaining her warrant of survey and her grants, her failure to do so would constitute only a defective statement of her cause of action, and the defendants, having answered, instead of demurring, waived any such defect. They cannot avail themselves of the omitted allegation, if it is a defect, by demurring *ore tenus,* which is equivalent to a motion to dismiss after they have answered. *Masten v. Marlow,* 65 N. C., 695; *Halstead v. Mullen,* 93 N. C.; 252. We need not now consider the question argued by counsel—whether, in law, the protest delayed action on her part in perfecting her entry and procuring her grants, so as to entitle her to the relief she demands. We will decide that question when the facts of the case are before us. The complaint sufficiently alleges a cause of action, even if it is defectively stated, and is good as against a demurrer *ore tenus* or motion to dismiss under the circumstances of this case.

The court erred in sustaining the demurrer.

Error.