M. E. PROFFITT v. STATE MUTUAL FIRE INSURANCE COMPANY.

(Filed 11 December, 1918.)

1. Insurance, Fire—Contract—Title—Deeds and Conveyances—Registration.

An unregistered deed to lands is good as between the parties, and meets the requirement of an insurance policy as to unconditional ownership of title, when executed and delivered before the issuance of the policy, with consideration paid and sufficient to pass the title, though registered thereafter.

2. Appeal and Error—Insurance, Fire—Policy—Contracts—Evidence.

The admission in evidence of letters informing an insurer of a loss by fire covered by its policy cannot be considered as prejudicial to it, in an action to recover the loss, when the subject-matter of the letters was not in dispute.

3. Appeal and Error—Record—Evidence—Letters.

Prejudicial matter to the appellant's rights must appear of record, on appeal, and exception to the admission of letters as evidence will not be considered when their subject-matter is not disclosed.

4. Insurance, Fire— Policy— Contract— Proof of Loss— Waiver— Principal and Agent.

The proof of loss required in a policy of fire insurance may be waived by the agent and attorney of the insurer having the adjustment thereof in charge for his principal, as where he informed the insured that nothing further was required of him when this proof had not been made.

5. Insurance, Fire—Policy—Contracts—Denial of Liability—Waiver.

Exception made to evidence on the examination of the witness-in-chief, and not given until his reëxamination, should be objected to at the time of its admission, for the exception to its admission to be passed upon on appeal.

6. Insurance, Fire—Proof of Loss—Waiver.

A motion to nonsuit, in an action to recover the loss, by fire, under an insurance policy, upon the ground that the required proof of loss had not been made by the insured, will be denied when there is evidence of a waiver thereof by the authorized agent of the insurer.

7. Insurance, Fire—Policy—Contracts—Proof of Loss—Denial of Liability— Waiver.

The denial of liability for loss under a policy of fire insurance by the president and treasurer of the insurer is a waiver of the stipulation of the policy requiring proof of loss.

**8. Appeal and Error— Evidence— Motions— Nonsuit —Grounds Stated for Motion.**

Where, upon a motion to nonsuit upon the evidence, the appellant states the ground for his motion in the trial court, he will be confined to the grounds so stated on appeal.

APPEAL by defendant from *Cline, J.,* at the June Special Term, 1918, of AVERY.

This is an action on a fire insurance policy, the property burned being a storehouse.

The defendant denied liability and set up the special defenses that the plaintiff was not the sole and unconditional owner of the property at the time the policy was issued, and that he failed to make proof of loss within sixty days after the fire, as required by the policy.

There was a verdict and judgment for the plaintiff, and the defendant appealed, assigning the following errors:

First Exception: To the ruling of the court admitting in evidence the paper-writing dated 1 March, 1916, purporting to be a deed from the Lees-McRae Institute to the plaintiff, M. E. Proffitt, for that the said paper-writing had not been acknowledged at the date of the fire nor at the date of the institution of the action, and was insufficient to pass any title.

Second Exception: To the ruling of the court in permitting the plaintiff to testify in regard to the contents of a letter claimed to have been written by plaintiff to defendant without requiring the production of said letter or without requiring plaintiff to show that notice had been served on defendant to produce same.

Third Exception: To the ruling of the court in admitting in evidence two letters purporting to have been from Mr. Nash and Mr. Lowe without properly identifying either of them.

Fourth Exception: To the ruling of the court in admitting in evidence a conversation purporting to have been between one Mr. Nash and the plaintiff in regard to the making proof of loss by fire of the property covered by the policy when the policy itself offered by the plaintiff provides how proof of loss shall be made, which is otherwise than the manner testified to by the plaintiff.

Fifth Exception: To the ruling of the court in refusing to sustain defendant's motion to nonsuit the plaintiff at the close of the evidence, for that, according to plaintiff's evidence, he had not complied with the provisions of the policy in regard to making proof of loss, and had brought this action in violation of the terms of the contract.

*Lowe & Love and F. A. Linney for plaintiff.*
*J. W. Ragland, R. W. Wall, and M. W. Nash for defendant.*

ALLEN, J.   1. The paper-writing referred to in the first assignment of error is a deed to the plaintiff for the lot on which the storehouse was situate.   It bears date prior to the time the policy was issued, but was not registered until after the fire, and for this reason the defendant objected to its being offered in evidence.   The objection was properly overruled as a deed is good between the parties, and, except as against purchasers and creditors, without registration.   *Warren v. Williford,* 148 N. C., 479; *Brown v. Hutchinson,* 155 N. C., 207; *Jordan v. Ins. Co.,* 151 N. C., 342.

In the first of these cases the point was made that the defendant had no title until his deed was registered, and the Court said "this is a misconception of the registration act; the title vests as against the grantor and all others except creditors and purchasers for value from the delivery of the deed," and in the second the plaintiff was permitted to introduce a deed upon the question of the title to land which was registered after the commencement of the action, and in the last it was held that an unregistered bond for title on which only one dollar of the purchase money had been paid was sufficient to meet the requirement in an insurance policy of sole and unconditional ownership.   The evidence in this case is uncontradicted that the plaintiff had paid the whole of the purchase money, and that the deed had been delivered to him prior to the issuing of the policy.

2. The contents of the letter referred to in the second exception related to a fact about which there was no dispute, and the evidence had no bearing upon the controversy.   The witness simply stated that he had written the defendant company there had been a fire which burned the storehouse.

3. The two letters purporting to have been from Mr. Nash and Mr. Lowe do not appear in the record, and there is no statement of their contents, so that we have no means of determining their relevancy or of seeing that they in any way prejudiced the cause of the defendant.

4. The evidence of the conversation with Mr. Nash, who was the attorney and agent of the defendant, was competent for the purpose of showing a waiver of the proof of loss.

The witness stated that Mr. Nash went to see him and was investigating the fire, and that after answering a good many inquiries he asked if there was anything else for him to do and was told by Mr. Nash that there was not.

It also appears from the record that the objection was made to the question upon the examination of the witness in chief, and that there was no answer until the reëxamination of the witness, after an extended cross-examination, and no exception was noted to the answer.

5. The court could not nonsuit the plaintiff upon the ground that he

had not complied with the provision of the policy requiring him to make proof of loss because there is ample evidence of a waiver of this stipulation on the part of the defendant.

The president and treasurer of the company testified that the company denied liability as soon as it investigated the fire; the agent and attorney, Mr. Nash, told the plaintiff there was nothing else for him to do, and the defendant has answered, contending that there can be no recovery upon the policy.

"A distinct denial of liability and refusal to pay, on the ground that there is no contract or that there is no liability, is a waiver of the condition requiring proofs of loss. It is equivalent to a declaration that they will not pay, though the proofs be furnished; and to require the presentation of proofs in such a case when it can be of no importance to either party and the conduct of the party in whose favor the stipulation is made has rendered it practically superfluous is but an idle formality, the observance of which the law will not require." May on Insurance (4th Ed.), sec. 469; *Gerringer v. Ins. Co.,* 133 N. C., 407; *Higson v. Ins. Co.,* 152 N. C., 208; *Parker v. Ins. Co.,* 143 N. C., 339.

The defendant also insists in this Court, upon his motion for judgment of nonsuit upon the ground that it appears from the evidence that the plaintiff had filed a petition in bankruptcy, and that, therefore, the title to the property was in the trustee.

The evidence as to the bankruptcy is too obscure and indefinite to base a ruling on it, but if it was otherwise a party is not permitted to object to evidence or make a motion upon one ground in the Superior Court and urge another in this Court. When he points the objection or the motion, the ground stated becomes a part of the objection. *Bridgers v. Bridgers,* 69 N. C., 455; *Gidney v. Moore,* 86 N. C., 490; *Ludwick v. Penny,* 158 N. C., 104.

The judgment must be affirmed.

No error.