OSMOND BARRINGER COMPANY v. STANDARD FIRE INSURANCE COMPANY.

(Filed 21 June, 1924.)

**Insurance, Fire—Automobiles—Policies—Exceptions—Change of Interest—Larceny—Evidence—Questions for Jury.**

An insurance policy on an automobile of a user thereof and not a dealer therein, indemnifying against all direct loss and damage by fire arising from any cause whatever, except, among other things, the change in ownership of interest, title or possession, or directly or indirectly by theft: *Held*, the change of possession by the theft of the car does not fall within the intent and meaning of the exception of the policy, unless such change of possession directly or indirectly caused the loss, which presents a question of fact, under the evidence, for the determination of the jury. *Williams v. Ins. Co.*, 184 N. C., 268, cited and applied.

APPEAL by plaintiff from *Harding, J.*, at October Term, 1923, of MECKLENBURG.

*C. W. Tillett, Jr., for plaintiff.*
*John M. Robinson for defendant.*

ADAMS, J. On 22 September, 1921, the plaintiff and the defendant entered into a contract of insurance by the terms of which the defendant insured for the term of one year, to the extent of the actual cash value, not exceeding $2,000, a Peerless automobile owned by the plaintiff, a corporation transacting business in the city of Charlotte. The policy provides for indemnity against all direct loss and damage by fire arising from any cause whatever, except as therein set out. In the sections of the policy entitled "Hazards not Covered" appear these clauses: (1) "This entire policy shall be void unless otherwise provided

by agreement in writing added hereto, . . . if any change, other than by the death of the insured, take place in the interest, title or possession of the subject of insurance (except change of occupants, without increase of hazard") ; (2) "this company shall not be liable for loss or damage caused directly or indirectly . . . by theft." The first is known as the "nonalienation" clause and the second as the "theft" clause. The appellee contends that either is sufficient to bar the plaintiff's recovery of damages.

It is insisted that the larceny of the plaintiff's car constituted such a change of possession as exonerated the defendant from liability, and that the question has been determined in *Williams v. Ins. Co.,* 184 N. C., 268. There is a distinction, however, between the policy construed in that case and the policy which is the subject of the present suit. In *Williams' case* the action was brought upon an " 'open dealer's' policy of insurance on automobiles held for sale." The holder of the policy was engaged in the business of buying and selling automobiles and applied for and obtained insurance which was specifically adapted to his business. Considering its several provisions, the court construed the policy as exempting the insurance company from liability when the actual or physical possession of the automobile passed from the insured to another. But the policy in the instant case is the standard fire insurance policy, from which are omitted many of the provisions in the "open dealer's" policy. As every decision should be considered in the light of the facts upon which it is based, it is clear, we think, that in considering the policy in the case at bar the court is not concluded by its interpretation of the provisions incorporated in the policy sued on in the *Williams case.*

The decisions of this Court in which the "nonalienation" clause in the standard policy has been discussed seem to have proceeded on the principle that a mere physical change of possession without a transfer of title or interest is not such change of possession as will defeat the policy. In *Pants Co. v. Ins. Co.,* 159 N. C., 78, it was held that taking charge of property by a receiver is not a change of possession which will avoid the policy. There is a difference, of course, between possession by a receiver and possession by a thief; but in the case last cited this Court approved the following quotation from *Ins. Co. v. Bartlett,* 91 Va., 305: "The condition in the policy against alienation refers only to such sale or disposition of the property as caused all interest of the assured in, or control over, the property to cease." The same principle is maintained in the following cases: *Rumsey v. Ins. Co.,* 1 Fed., 396; 2 Fed., 429; *Ætna Ins. Co. v. Aston,* 123 Va., 237; 96 S. E., 722; *Marcello v. Ins. Co.,* 234 Pa., 31; 39 L. R. A. (N. S.), 366; *Bowling v. Ins. Co.,* 103 S. E., 285.

STATE *v.* MARTIN.

While the larceny of the car did not *ipso facto* avoid the policy, a new trial must be awarded for determination of the question involved in the provision relating to loss or damage caused by theft. Whether the loss was caused directly or indirectly by theft is a matter which can finally be disposed of only by the aid of a jury. The evidence now appearing is circumstantial, and the liability of the defendant cannot be decided as an abstract question of law. If it is shown that the automobile was stolen, the inquiry then will be whether the loss was caused directly or indirectly by the theft.

New trial.