H. T. GRAY ET AL. v. W. C. WORTHINGTON ET AL.

(Filed 26 February, 1936.)

**1. Evidence J b—**

Plaintiffs claimed under a parol trust and under a later executed. written contract to convey. *Held:* Evidence of the parol agreement in conflict with the later executed written contract is incompetent.

**2. Vendor and Purchaser F a—**

A purchaser under a contract to convey may not specifically enforce the contract as against grantees of the vendor for value who hold prior registered title.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Grady, J.,* at June Term, 1935, of LENOIR.

Civil action to engraft parol trust on title to real estate, and to enforce specific performance.

In 1931 the plaintiffs were seized and possessed of certain lands situate in Lenoir County, encumbered by deed of trust. Foreclosure was had 22 December, 1922, the defendant W. C. Worthington bidding in the lands at said sale. Plaintiffs allege that Worthington agreed to buy the lands for them at said foreclosure, and to reconvey upon terms stated, which he now declines to carry out. Worthington later executed a contract to convey said lands to the plaintiffs.

On the hearing, it was admitted that the defendant Worthington subsequently sold the lands to the defendants F. P. and W. B. Heath for a valuable consideration; whereupon, the action was dismissed as to the

HAYWOOD COUNTY *v.* WELCH.

defendants F. P. and W. B. Heath, the court being of opinion that as to them specific performance could not be had, and a mistrial was ordered as to the defendant Worthington, with privilege to plaintiffs to recast their pleadings and ask for damages, if so advised.

Plaintiffs appeal, assigning error in the nonsuit as to the Heaths.

*Rouse & Rouse, Wallace & White, and Sutton & Greene for plaintiffs. John G. Dawson for defendant Worthington.*

STACY, C. J.     The nonsuit is correct on two grounds: First, it appears that the alleged parol agreement is in conflict with the written contract to convey (*Ins. Co. v. Morehead, ante,* 174); and, second, the contract to convey is not enforceable as against purchasers for value who hold prior registered title.   C. S., 3309; *Combes v. Adams,* 150 N. C., 64, 63 S. E., 186; *Hood, Comr., v. Macclesfield Co., ante,* 280.

This is the only question presented by the appeal.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.