L. T. KNOWLES v. J. H. WALLACE (Original Party Plaintiff), and J. H. REHDER, and THE FEDERAL LAND BANK OF COLUMBIA (Additional Parties Defendant).

(Filed 4 November, 1936.)

**1. Ejectment O c—**

Evidence showing good record title in plaintiff, without any record evidence of title in defendant, *held* to support judgment for plaintiff for recovery of land.

**2. Deeds B a—**

Where an instrument is required to be registered, no notice, however full and formal, will supply the place of registration. C. S., 3308, 3309.

**3. Betterments A d—Provision that contract to convey should be void if payments were not made held not to defeat claim for betterments.**

The vendor in a contract to convey represented to the purchaser that he had title to the land and agreed to sell upon payment by the purchaser of the contract price in installments, the contract providing that it should be void if the purchaser failed to make the payments as stipulated. The purchaser paid the first installments, went upon the land and made improvements thereon, but failed to make the last payments called for in the contract. The vendor did not have title, and the purchaser was ousted by the holder of the good record title. *Held:* The purchaser is entitled to recover from the vendor the amount paid on the purchase price, plus the value of the improvements, less the reasonable rental value of the property during the time the purchaser had possession, notwithstanding the provision for forfeiture, the vendor having induced the purchaser to pay a part of the purchase price and make improvements under a contract which the vendor could not perform.

**4. Contracts E e—**

Provisions in a contract for forfeitures and penalties for its breach are abhorred by the law and are looked upon as evidencing bad faith and fraud.

APPEAL by J. H. Wallace from *Grady, J.,* and a jury, at March Term, 1936, of DUPLIN. Modified and affirmed.

The issues submitted to the jury, and their answers thereto, were as follows:

"1. Is the plaintiff L. T. Knowles the owner and entitled to the possession of the lands described in the complaint? Answer: 'Yes.'

"2. Is the defendant J. H. Wallace in the wrongful and unlawful possession of said lands so far as L. T. Knowles is concerned? Answer: 'Yes.'

"3. What is the fair rental value of said lands since 14 January, 1935, up to the present date? Answer: '$125.00.'

"4. Did the defendant J. H. Rehder contract and agree with J. H. Wallace to sell to him the lands in question under the terms named in the written memorandum dated 30 September, 1933, and put him in the possession of said lands under the terms of said memorandum? Answer: 'Yes.'

"5. If so, did J. H. Rehder wrongfully refuse to carry out the terms of said agreement as alleged in the answer of J. H. Wallace? Answer: 'No.'

"6. If so, what amount has J. H. Wallace paid to J. H. Rehder on the purchase price of said land? Answer: '$278.29.'

"7. In what amount, if anything, has the value of said lands been increased by reason of improvements placed thereon by J. H. Wallace? Answer: '$200.00.'

"8. What was the fair rental value of said lands for the years 1933 and 1934? Answer: '$150.00.' "

The judgment of the court below is as follows: "This cause coming on to be heard at the March Term, 1935, of Duplin Superior Court before his Honor, Henry A. Grady, judge, and a jury, and the jury having found for its verdict the issues and the responses thereto as set out in the record, it is hereupon considered, ordered, and adjudged, upon the verdict of the jury, that the plaintiff L. T. Knowles is the owner of in fee simple and is entitled to the immediate possession of the following described real estate, lying and being in Rose Hill Township, Duplin County, North Carolina, containing 26 acres, more or less (describing same). It is further considered, ordered, and adjudged that the plaintiff L. T. Knowles recover possession of said lands from the defendant J. H. Wallace, his agents, servants, and tenants, together with plaintiff's cost incurred, to be taxed by the clerk. Let writ of possession issue. It is further considered, ordered, adjudged, and decreed that the plaintiff L. T. Knowles do have and recover of the defendant J. H. Wallace and his surety, E. J. Wells, the sum of $300.00, the penalty of the bond, to be discharged, however, upon the payment to the plaintiff by the defendant J. H. Wallace and his surety, E. J. Wells, the sum of $125.00, for rents, and the cost of this action to be taxed by the clerk. It is further considered, ordered, and adjudged upon the verdict of the jury that the defendant J. H. Wallace take nothing by his cross action against the defendant J. H. Rehder, and that the defendant Rehder have and recover of the defendant J. H. Wallace his costs incurred, to be taxed by the court. Henry A. Grady, Judge."

The defendant J. H. Wallace made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be considered in the opinion.

*Beasley & Stevens for plaintiff.*
*D. L. Carlton for defendant Fed. Land Bank of Columbia.*
*Rivers D. Johnson for J. H. Rehder.*
*Oscar B. Turner for J. H. Wallace.*

CLARKSON, J. (1) As to the first three issues, we see no error. On 14 January, 1935, the plaintiff purchased from the Federal Land Bank of Columbia, the land in controversy, paying for same $1,500, in cash, including taxes. There was nothing on the records in the office of the register of deeds in Duplin County, N. C., where the land was situated,

showing that either of the defendants, J. H. Rehder or J. H. Wallace, had any interest in the land in controversy.

In *Bender v. Tel. Co.*, 201 N. C., 356, quoting from *Bank v. Smith*, 186 N. C., at p. 641, citing numerous authorities, is the following: "Where the registration of an instrument is required, no notice to purchaser, however full and formal, will supply the place of registration." C. S., 3308, 3309.

(2) There is neither allegation nor sufficient proof that tends, in any way, to connect the defendant The Federal Land Bank of Columbia with the controversies involved in this action.

In the record is the following: "This cause coming on to be heard before his Honor, Henry A. Grady, judge presiding, and being heard upon motion of D. L. Carlton, attorney for the defendant The Federal Land Bank of Columbia, for judgment that this action be dismissed as to said defendant The Federal Land Bank of Columbia. It is ordered, therefore, that The Federal Land Bank of Columbia be and it is hereby dismissed as a party defendant to this action, and that the said defendant recover its costs incurred in this action, to be taxed by the clerk." There is no exception and assignment of error in the record to this judgment.

(3) The contest narrows itself down to a controversy between the defendants J. H. Rehder and J. H. Wallace. The defendant J. H. Wallace is uneducated, practically illiterate, and can read and write but little, and is able to do but little more than write his own name.

The defendant Wallace offered in evidence, unobjected to, the following exhibits: *"Exhibit A:* 'This is to certify that I will buy the 26-acre farm, formerly the Nelson Young farm at Rose Hill, for the sum of $2,000, and agree to pay $100.00 by Nov. 1, 1933, and $100.00 by June 1, and $150.00 by Nov. 1, 1934, and the balance per year same as in 1934, until the full amount is paid. I also agree to pay six per cent per annum on balance each year. If I fail to make these payments same is null and void. J. H. Wallace.' This is the paper Mr. Rehder prepared and handed to me. I saw him write it and he handed it to me: *Exhibit B:* 'This is to certify that I will buy the 26-acre farm, formerly the Nelson Young farm at Rose Hill, for the sum of $2,000, and agree to pay $100.00 by Nov. 1, 1933, and $100.00 by June 1, 1934, and $150.00 by Nov. 1, 1934, and the balance per year $250.00, same as in 1934, until full amount is paid. I do agree to pay 6% per annum on balance each year. J. H. Rehder.' "

In the fourth issue, unobjected to, these memoranda were dated 30 September, 1933. The defendant Wallace was let into the possession of the land in the early part of 1933. The memoranda were in the fall, 30 September, 1933. The jury found that Wallace paid Rehder on the purchase price of the land $278.29, and the improvements put there by

Wallace amounted to $200.00, making a total of $478.29. The deed to the Federal Land Bank of Columbia to plaintiff was made on 14 January, 1935. Rehder's contract with Wallace called for $100.00 1 November, 1933; $100.00 1 June, 1934; $150.00 1 November, 1934. A total of $350.00 and interest.

In the record is: *"Exhibit L:* Card addressed to J. H. Wallace: 'Wilmington, N. C., Oct. 12-33. Replying to your letter, *the farm is my property.* Please let me hear from you with payment. Best wishes, (signed) J. H. Rehder.' "

Wallace testified: "He (Rehder) said he owned the land, that it was his land." On the entire record there is no evidence that Rehder ever had title to this land that he agreed to sell to this illiterate man for $2,000, and which was later sold to plaintiff for $1,500. Now Rehder claims that Wallace cannot recover for the amount paid on the land, $278.29, and improvements, $200.00, for in the contract is the following: "If I fail to make these payments same is null and void."

In *Luton v. Badham,* 127 N. C., 96 (100), we find: "If the plaintiff's intestate entered upon the defendant's land under a parol contract and placed valuable and permanent improvements thereon, and the defendant, after such improvements were made, repudiates the contract and refuses to convey, the plaintiff has an equitable cause of action. . . . (citing authorities). The Court says in many of these cases ·that it would be against equity and good conscience to allow the bargainor to repudiate his contract, and thereby to reap the benefit of the bargainee's money and labor. . . . (p. 102-3). It seems to be settled by this Court that it may be done; and the cases cited show that where a party is induced to go upon land and put valuable improvements thereon, by the owner thereof, upon a parol promise to convey the same to the party putting the improvements on the land, and the owner afterwards refuses to convey, it is held by this Court to be a fraud upon the party so induced, and the Court will compel him to pay for such improvements."

In *Ballard v. Boyette,* 171 N. C., 25 (26), citing many authorities, it is written: "It is well settled that the owner of land who has entered into a contract of this character cannot repudiate the contract and retain the benefits which he has received under it, whether in the form of money paid upon the purchase price or of the enhanced value of the land by reason of improvements." *Carter v. Carter,* 182 N. C., 186; *Perry v. Norton,* 182 N. C., 585; *Eaton v. Doub,* 190 N. C., 14 (22-23).

The present case is in many respects similar to *Insurance Co. v. Cordon,* 208 N. C., 723, where it was held that delivery of a contract to convey land is essential to constitute it a valid and enforcible agreement. In that case *Jones v. Sandlin,* 160 N. C., 150 (154), is cited, where it is said: "The general rule is that if one is induced to improve land under

a promise to convey the same to him, which promise is void or voidable, and after the improvements are made he refuses to convey, the party thus disappointed shall have the benefit of the improvements to the extent that they increased the value of the land," citing authorities.

Rehder made a contract with Wallace that he could not perform. As he did not own the land the contract was impossible of performance. Wallace did not know this; in fact, Rehder wrote him "October 12, 1933 —the farm is my property," and also told him that he owned the land. He induced Wallace to pay, as found by the jury, $278.29 on the land and make improvements in the sum of $200.00, on a contract which he could not perform. It is well settled in law and equity that a party injured can recover where a contract is brought about either by *suppressio veri* or concealment of the truth or *suggestio falsi*. *Isler v. Brown*, 196 N. C., 685 (686). Now Rehder contends that Wallace having failed to make the payments, the contract to convey was "null and void." Wallace is evicted under an unquestioned title. Suppose Wallace had complied with the contract as contended for by Rehder, he could convey him no title, as he had none. In law, equity, and good conscience, Rehder should pay the amount paid to him by Wallace on the land—$278.29, and improvements, $200.00; total, $478.29, less the rental value of the land for 1933 and 1934—$150.00. The jury has found that the fair rental value of the land for the years 1933 and 1934 was $150.00. This should be deducted from the $478.29 and judgment rendered for Wallace for $328.29. On all the evidence in the record, the answer to the fifth issue should have been "Yes," and the court below should have so instructed the jury.

Under the contract in controversy, Wallace was to pay 6% interest. In the contract it is stated further that if he failed to make these payments "same is null and void." Both in law and equity forfeitures and penalties have always been abhorred and are usually looked upon as oppressive and evidencing fraud and bad faith. In 8 R. C. L., part sec. 117, page 568, speaking to the subject, it is said: "It is impossible to lay down any abstract rule as to what may or may not be extravagant or unconscionable to insist upon, for each case must in great measure depend on its own particular facts and circumstances. Generally speaking, in determining the reasonableness of the amount, the court will take into consideration the relation of the parties, their situation, the absence or presence of fraud or oppression, and the purpose the agreement seeks to subserve."

For the reasons given, the judgment is modified and affirmed in accordance with this opinion.

Modified and affirmed.