J. J. DULIN v. J. E. WILLIAMS and Wife, DESMONIA WILLIAMS; and MRS. WILLIAM (MARTHA B.) SCOGGINS.

(Filed 16 December, 1953.)

**1. Registration § 4—**

The registration of a deed to an interest in land is essential to its validity as against a purchaser for a valuable consideration from the grantor.

**2. Property § 2a—**

Standing timber is an interest in land.

**3. Registration § 3—**

As between two purchasers for value of the same interest in land, the one whose deed is first registered acquires title.

**4. Registration § 4—**

Actual knowledge on the part of the grantee of a registered deed of the existence of an unregistered deed will not defeat his title as a purchaser for value.

**5. Same—**

Allegations to the effect that plaintiff was the grantee in an unregistered timber deed and that during the term stipulated for the cutting of the timber, his grantor conveyed the fee simple title to the land to others, who took with knowledge of his timber interest, is insufficient to entitle plaintiff to cut and remove the timber as against the grantees of the fee, who registered their deed.

**6. Pleadings § 32—**

The want of allegations in the complaint necessary to state a cause of action against one defendant cannot be supplied by allegation in the cross action of a codefendant.

**7. Appeal and Error § 51c—**

The language of a judicial opinion must be read in the light of the circumstances under which it is used.

**8. Registration § 4: Estoppel § 6h—**

The grantee in a registered deed is not estopped to deny the validity of an outstanding interest evidenced by an unrecorded instrument previously executed by his grantor unless the registered deed contains an express recital making it subject to such outstanding interest, and such grantee cannot incur any liability to the owner of such outstanding interest by accepting the deed and asserting his rights thereunder, since he has the right to purchase as if the unregistered instrument did not exist and cannot incur liability by exercising such legal right.

**9. Registration § 4: Vendor and Purchaser §§ 25a, 25b—**

Plaintiff purchased the timber rights on a part of a tract of land and received deed therefor. During the term of the agreement for the cutting of the timber, the vendor executed deed to the land in fee simple to third persons, who had their deed registered. The purchaser of the timber then had his timber deed registered. *Held:* In the absence of allegation that the vendor bound herself by contract to insert in the later deed recitals that it was made subject to plaintiff's timber rights, plaintiff is not entitled to recover of the vendor for breach of such agreement, nor may he hold such third persons liable on the theory that they wrongfully interfered with his contractual relations with the vendor.

**10. Appeal and Error § 6c (1): Pleadings § 19c—**

When the failure of the complaint to state a cause of action appears upon the face of the record proper, the Supreme Court, even in the absence of objection to the complaint on this ground, will take notice of the defect and dismiss the action on its own accord when the defect is not readily remediable by amendment.

APPEAL by defendants J. E. Williams and wife, Desmonia Williams, from *Crisp, Special Judge,* and a jury, at February Term, 1953, of GUILFORD.

Civil action involving conflicting claims to standing timber.

For ease of narration, J. J. Dulin is called the plaintiff, J. E. Williams is characterized as the male defendant, Desmonia Williams is designated as the wife of the male defendant, and Mrs. William (Martha B.) Scoggins is referred to as the *feme* defendant.

The matters necessary to an understanding of the decision made on this appeal are summarized in the numbered paragraphs set forth below.

1. The *feme* defendant owned a farm of 132 acres in Bruce Township, Guilford County, North Carolina.

2. On 6 June, 1951, the plaintiff and the *feme* defendant entered into a contract whereby the plaintiff paid the *feme* defendant $800.00 for the timber standing on 25 of the 132 acres, and whereby the *feme* defendant executed to the plaintiff a timber deed, which was sufficient in form to convey such timber to the plaintiff and to require him to cut and remove the same within the period of two years then next ensuing. The plaintiff did not cause his timber deed to be registered in the office of the Register of Deeds of Guilford County until 2 April, 1952.

3. Meanwhile, to wit, on 16 January, 1952, the *feme* defendant executed to the male defendant and his wife for a consideration of $10,000.00 a deed of conveyance, which made no reference whatever to the timber deed mentioned in the preceding paragraph, and which was sufficient in form to vest the entire farm and all timber standing thereon in the male defendant and his wife in fee simple absolute. This deed of conveyance was registered in the office of the Register of Deeds of Guilford County on the day of its execution, to wit, on 16 January, 1952.

4. Subsequent to the execution and registration of the deed of conveyance mentioned in the preceding paragraph, the plaintiff got ready to cut the timber described in his still unrecorded timber deed. He was forbidden to enter upon the farm for this purpose by the male defendant and his wife, who insisted that their recorded deed of conveyance prevailed over the plaintiff's unregistered deed and gave them title to the timber standing on the 25 acres.

5. The plaintiff thereupon procured the registration of his timber deed, and brought this suit against the male defendant, the wife of the male defendant, and the *feme* defendant. The plaintiff's pleadings consist of the complaint and an amendment to it, which contain factual averments disclosing all the matters stated in numbered paragraphs 1, 2, 3, and 4, and the additional circumstance that the male defendant and his wife took their deed of conveyance with "actual notice" from the *feme* defendant and others of the prior sale to the plaintiff of the timber standing on the

25 acres described in the timber deed. The drafter of the plaintiff's pleadings concludes on the basis of these factual averments alone that the *feme* defendant breached her contract with the plaintiff by failing to incorporate in her conveyance to the male defendant and his wife an express recital "that said conveyance was made subject to said timber contract"; that the male defendant and his wife "knowingly participated in . . . (such) . . . breach"; and that the male defendant and his wife "purchased . . . (the) . . . land subject to . . . the timber contract" because they took their deed with "actual notice" from the *feme* defendant and others of the prior sale to the plaintiff of the timber standing on the 25 acres described in the timber deed. The plaintiff's pleadings pray for this relief: "That . . . he be allowed to enter upon the premises and cut the timber in accordance with the terms of the timber contract . . .; or . . . if it is the judgment of the court that the . . . plaintiff is not entitled to enter upon said property and remove said timber, then plaintiff prays . . . that plaintiff be awarded damages for the breach of the contract by said defendants Scoggins and Williams in the amount of $800.00."

6. The male defendant and his wife answered the complaint and its amendment, and replied to the further defenses and cross actions of the *feme* defendant. The pleadings of the male defendant and his wife deny all material allegations made against them by either the plaintiff or the *feme* defendant, and assert that the priority of the registration of their deed conferred upon them complete title to the entire farm and all timber standing upon it, including the timber standing on the 25 acres described in the plaintiff's timber deed. The male defendant and his wife plead, moreover, by way of cross action in specific factual averments that they are entitled to judgment against the *feme* defendant for damages totaling $1,500.00 on account of actionable fraud practiced upon them by agents of the *feme* defendant in pointing out certain boundaries of the farm. Neither the plaintiff nor the *feme* defendant questioned the right of the male defendant and his wife to assert their cross action against the *feme* defendant under the rules of practice which obtain in this jurisdiction.

7. The *feme* defendant answered the complaint and its amendment, and replied to the cross action of the male defendant and his wife. Her pleadings deny the validity of all claims made against her by the other parties to the action. She pleads, moreover, as a first further defense and cross action this matter in specific factual detail: Although she was under no contractual obligation to the plaintiff to put in her deed of conveyance a recital that the male defendant and his wife took title to the farm subject to the plaintiff's timber deed, the *feme* defendant is nevertheless entitled to a decree of reformation against the male defendant and his wife inserting a recital to that effect in their deed because it was agreed between her

and them before execution that such recital was to be included in the deed, and because such recital was omitted from the executed deed by reason of a mistake as to its contents on the part of the *feme* defendant, who was falsely and fraudulently assured by the male defendant and his wife that such recital appeared in the deed. The *feme* defendant also pleads these things as a second further defense and cross action: "That when the defendants J. E. Williams and wife, Desmonia Williams, accepted said deed of conveyance, they did so subject to said contract executed by this defendant to the said J. J. Dulin and thereby purchased said land burdened with and subject to the claim and interest of the said Dulin in and to the timber therein referred to, and that by their acceptance of said deed the defendants J. E. Williams and wife, Desmonia Williams, ratified the unrecorded timber contract executed by this defendant to said Dulin and agreed to stand seized subject thereto and thereby estopped themselves from asserting that said conveyance was not made subject to said timber contract and that they hold title thereto by virtue of the General Statutes of North Carolina of 1943, Chapter 47, Section 17, and this defendant pleads said estoppel against said defendants."

8. The action was heard by the presiding judge and a jury at the February Term, 1953, of the Superior Court of Guilford County. The several parties undertook to sustain their respective allegations of fact by offering evidence. After all the evidence was in, the presiding judge involuntarily nonsuited for insufficiency of proof the cross action for damages asserted by the male defendant and his wife against the *feme* defendant and the cross action for reformation of the deed pleaded by the *feme* defendant against the male defendant and his wife. The parties aggrieved thereby noted exceptions to these rulings.

9. The presiding judge submitted these issues to the jury: (1) Are the defendants, J. E. Williams and wife, Desmonia Williams, estopped from denying that said deed was made subject to the timber contract, as alleged in her further answer and cross action? (2) Is the plaintiff entitled to enter upon the premises and cut and remove the timber referred to, as alleged in the complaint of the plaintiff J. J. Dulin? (3) If not, what damages, if any, is the plaintiff entitled to recover against the defendant Mrs. William (Martha B.) Scoggins? The jury answered the first issue "yes" and the second issue "yes," and left the third issue unanswered. The presiding judge entered a judgment on the verdict, adjudging that the plaintiff had the legal right to enter upon the farm and cut and remove therefrom the timber standing upon the 25 acres described in the timber deed.

10. The male defendant and his wife excepted to the judgment and appealed, assigning error. The *feme* defendant has not participated in the appeal.

DULIN *v.* WILLIAMS.

*Claude Hicks for plaintiff, appellee.*

*Howerton & Howerton for defendants J. E. Williams and wife, Desmonia Williams, appellants.*

ERVIN, J. The legal sufficiency of the complaint is not challenged by any of the parties. We nevertheless confront this reality at the threshold of the appeal: When the pleadings of the plaintiff are reduced to their factual averments, they do not state facts sufficient to constitute a cause of action in favor of the plaintiff against any of the defendants.

The plaintiff undertakes to plead for relief in the alternative. He prays primarily for a judgment against the male defendant and his wife establishing the validity of his claim to the timber standing on the 25 acres described in his timber deed. He prays in the alternative for a judgment against all of the defendants for money damages for a supposed breach of contract allegedly committed by the *feme* defendant with the concurrence of the other defendants.

When the factual allegations of the complaint and its amendment are taken at face value, they affirmatively disclose the invalidity of the plaintiff's claim to the timber. This is true for the reasons set forth below.

The Connor Act provides that "no conveyance of land, or contract to convey, or lease of land for more than three years shall be valid to pass any property, as against creditors or purchasers for a valuable consideration from the donor, bargainor, or lessor, but from the registration thereof within the county where the land lies." G.S. 47-18.

The decisions applying the Connor Act establish these propositions:

1. The registration of a deed to an interest in land is essential to its validity as against a purchaser for a valuable consideration from the grantor. *Ballard v. Ballard,* 230 N.C. 629, 55 S.E. 2d 316; *Eller v. Arnold,* 230 N.C. 418, 53 S.E. 2d 267; *Durham v. Pollard,* 219 N.C. 750, 14 S.E. 2d 818; *Gray v. Worthington,* 209 N.C. 582, 183 S.E. 731; *Bank v. Mitchell,* 203 N.C. 339, 166 S.E. 69; *Proffitt v. Insurance Co.,* 176 N.C. 680, 97 S.E. 635; *Warren v. Willeford,* 148 N.C. 474, 62 S.E. 697.

2. Standing timber is an interest in land. *Chandler v. Cameron,* 229 N.C. 62, 47 S.E. 2d 528; *Winston v. Lumber Co.,* 227 N.C. 339, 42 S.E. 2d 218.

3. As between two purchasers for value of the same interest in land, the one whose deed is first registered acquires title. *Combes v. Adams,* 150 N.C. 64, 63 S.E. 186.

4. Actual knowledge on the part of the grantee in a registered deed of the existence of a prior unregistered deed will not defeat his title as a purchaser for value. *Eller v. Arnold, supra; Chandler v. Cameron, supra; Grimes v. Guion,* 220 N.C. 676, 18 S.E. 2d 170; *Turner v. Glenn* 220 N.C. 620, 18 S.E. 2d 197; *Dorman v. Goodman,* 213 N.C. 406, 196 S.E.

352; *Smith v. Turnage-Winslow Co.,* 212 N.C. 310, 193 S.E. 685; *Knowles v. Wallace,* 210 N.C. 603, 188 S.E. 195; *Eaton v. Doub,* 190 N.C. 14, 128 S.E. 494, 40 A.L.R. 273; *Moore v. Johnson,* 162 N.C. 266, 78 S.E. 158; *Wood v. Lewey,* 153 N.C. 401, 69 S.E. 268; *Smith v. Fuller,* 152 N.C. 7, 67 S.E. 48; *Wood v. Tinsley,* 138 N.C. 507, 51 S.E. 59; *Collins v. Davis,* 132 N.C. 106, 43 S.E. 579; *Maddox v. Arp,* 114 N.C. 585, 19 S.E. 665.

When the pleadings of the plaintiff are read in the light of these decisions, they show that under the Connor Act, the title to the timber standing on the 25 acres is in the male defendant and his wife, whose subsequent deed was registered before their grantor's prior deed to the plaintiff, even though the male defendant and his wife took their subsequent deed with actual knowledge of the prior deed to the plaintiff. *Lanier v. Lumber Co.,* 177 N.C. 200, 98 S.E. 593.

The presiding judge evidently came to a similar conclusion on this phase of the case. A reading of his charge shows that he forsook the allegations of the complaint and its amendment, and permitted the plaintiff to prevail over the male defendant and his wife with respect to the timber standing on the 25 acres solely upon the basis of a supposed estoppel, which is pleaded nowhere save in the portion of the answer of the *feme* defendant designated as her second further defense and cross action. The presiding judge utilized the second issue as a mere vehicle for the conveyance of his legal opinion that an affirmative answer to the first issue would entitle the plaintiff to the benefit of the standing timber claimed by him. For this reason, the answer of the jury to the second issue has no independent factual significance.

In permitting the plaintiff to prevail over the male defendant and his wife with respect to the standing timber in dispute upon the basis of averments appearing in the answer of the *feme* defendant, the presiding judge misapprehended and misapplied the doctrine that a pleading may be aided by the allegations of the adverse party. The doctrine of aider has no relevancy to this phase of the case for the very simple reason that the allegations relating to the supposed estoppel are incorporated in the answer of the *feme* defendant and not in the answer of the male defendant and his wife. "An affirmative allegation in the answer of one of two or more defendants of a necessary fact not alleged in the complaint or petition does not cure the omission as to the other defendants." 71 C.J.S., Pleading, Section 590. See, also, in this connection this illuminating decision: *Missouri, K., & T. Ry. Co. of Texas v. Kennon* (Tex. Civ. App.), 164 S.E. 867.

The plaintiff would not have bettered his claim to the timber standing on the 25 acres a single whit had he pleaded in his own behalf the supposed estoppel asserted in the *feme* defendant's second further defense and cross action.

The allegations relating to the supposed estoppel are based solely upon the following statement appearing in the opinion of this Court in *Trust Co. v. Braznell,* 227 N.C. 211, 41 S.E. 2d 744: "When a grantee accepts the conveyance of real property subject to an outstanding claim or interest evidenced by an unrecorded instrument executed by his grantor, he takes the estate burdened by such claim or interest. By his acceptance of the deed he ratifies the unrecorded instrument, agrees to stand seized subject thereto, and estops himself from asserting its invalidity."

The language of a judicial opinion must be read in the light of the circumstances under which it is used. *Light Co. v. Moss,* 220 N.C. 200, 17 S.E. 2d 10; *Styers v. Forsyth County,* 212 N.C. 558, 194 S.E. 305; *Barringer v. Ins. Co.,* 188 N.C. 117, 123 S.E. 305. The *Braznell case* involved the construction of a registered deed containing an express recital that the grantee took the property conveyed subject to a prior lease executed to the plaintiff by the grantor. The lease happened to be unrecorded. When the language of the opinion in the *Braznell case* is read in the light of these crucial circumstances, it says this and nothing more: The grantee in a registered deed is estopped to deny the validity of an outstanding interest evidenced by an unrecorded instrument executed by his grantor if the registered deed contains an express recital making the conveyance to the grantee subject to the outstanding interest.

This sound exposition of a sound principle of the law of estoppel by deed has no possible application to the instant case, where the registered deed does not refer in any way to the unrecorded instrument.

When the conclusion of the pleader and the prayer for relief in the alternative are laid aside, it is manifest that the complaint does not contain a single factual averment to the effect that the *feme* defendant bound herself by contract with the plaintiff to incorporate in her subsequent deed of conveyance a recital that the male defendant and his wife took the farm subject to the plaintiff's timber deed. In truth, the factual allegations of the complaint show that the *feme* defendant fully performed her contract with the plaintiff by executing the timber deed to him. 55 Am. Jur., Vendor and Purchaser, Section 415. These things being true, the complaint does not state a cause of action against the *feme* defendant for breach of contract.

Moreover, the factual averments of the complaint do not make out a case entitling the plaintiff to money damages from the male defendant and his wife on the theory that they wrongfully interfered with contractual relations between the plaintiff and the *feme* defendant by purchasing the farm from the latter. The plaintiff could have protected his rights under his timber deed against all persons by having that instrument recorded in the office of the register of deeds. Since the plaintiff did not have his timber deed registered, the male defendant and his wife, as third

persons, had the legal right under the Connor Act to purchase from the *feme* defendant the property embraced by the unregistered timber deed with the same freedom as if that instrument did not exist. They did not incur liability to the plaintiff by exercising their legal right. *Eller v. Arnold, supra; Bruton v. Smith,* 225 N.C. 584, 36 S.E. 2d 9.

We note at this point that the plaintiff does not charge the *feme* defendant with possessing knowledge of the unregistered state of his timber deed at the time of the execution of the subsequent conveyance. See: *Halligas v. Kuns,* 86 Neb. 68, 124 N.W. 925, 26 L.R.A. (N.S.) 284, 20 Ann. Cas. 1124; 66 C.J., Vendor and Purchaser, Section 1655.

The failure of a complaint to state a cause of action is a self-asserting defect, which appears upon the face of the record proper. Where a complaint fails to state a cause of action, and the defendant appeals from an adverse judgment of the Superior Court without objecting to the complaint on that ground, the Supreme Court should take notice of the defective state of the complaint and dismiss the action of its own accord, unless it deems the defective state of the complaint readily remediable by amendment in the Superior Court. *Lassiter v. Adams,* 196 N.C. 711, 146 S.E. 808; *Snipes v. Monds,* 190 N.C. 190, 129 S.E. 413; *Power Co. v. Elizabeth City,* 188 N.C. 278, 124 S.E. 611; *Garrison v. Williams,* 150 N.C. 674, 64 S.E. 783; *Cressler v. Asheville,* 138 N.C. 482, 51 S.E. 53; *Norris v. McLam,* 104 N.C. 159, 10 S.E. 140; 71 C.J.S., Pleading, Section 551.

The defective state of the complaint in the instant case is not readily remediable by amendment in the Superior Court. Consequently the action must be dismissed. *Power Co. v. Elizabeth City, supra; Norris v. McLam, supra;* McIntosh: North Carolina Practice and Procedure in Civil Cases, Section 448.

Action dismissed.