MRS. MINNIE T. DUNCAN, ADMINISTRATRIX OF THE ESTATE OF A. R.
DUNCAN, DECEASED, v. E. R. GULLEY, C. W. PENDER, J. M. TURLEY,
L. T. ROSE, TRUSTEE FOR W. I. W. WHITLEY, BANKRUPT, MRS. MAYME
DEBNAM AND MRS. T. A. GRIFFIN, ADMINISTRATORS OF THE ESTATE
OF DR. J. A. GRIFFIN, DECEASED, THE NORTH CAROLINA JOINT
STOCK LAND BANK, AND THE FIRST NATIONAL TRUST COMPANY,
TRUSTEE.

(Filed 15 October, 1930.)

**1. Mortgages C c—Prior registered mortgage is first lien on mortgaged lands as against mortgages and equities not appearing of record.**

No notice, however full and formal, will supply the place of registration required by our statute, C. S., 3311, and a registered mortgage on

lands constitutes a first lien on the mortgaged lands as against prior mortgages or equities which the registration books in the county in which the land lies does not disclose.

2. **Same—In this case held: registered mortgage constituted first lien as against equitable claim of administratrix of deceased purchaser.**

Where the owners in common and cultivators of agricultural lands as partners sell their interests in the lands to one of the partners upon his assumption in his deed of all encumbrances placed upon the land by the grantors and his agreement therein to pay off all partnership debts and save the grantors harmless, and subsequently the purchasing partner borrows money under a deed of trust on the property and pays off the prior registered encumbrances, but fails to pay all the outstanding partnership debts, and thereafter judgment is obtained by one of the partnership creditors, and the purchasing partner dies: *Held*, the deed of trust given by the deceased partner constitutes a first lien upon the land prior to the subsequently docketed judgment and the claim of the administratrix of the deceased partner of a prior lien for the amount for which the estate was liable for the unpaid partnership debts, there being no agreement in the deed to the deceased partner that the partnership debts should constitute a lien upon the land, and the equities arising among the members of the partnership are not presented for adjustment upon the present record.

APPEAL by the North Carolina Joint Stock Land Bank, from *Sinclair, J.,* and a jury, at June Special Term, 1930, of JOHNSTON. New trial.

Civil action by plaintiff to have partnership obligations declared an equitable and first lien on certain land superior to lien of defendant, North Carolina Joint Stock Land Bank.

J. A. Griffin, E. R. Gulley, C. W. Pender, J. M. Turley, W. I. Whitley and A. R. Duncan, each had one-sixth interest in the "John Ellington Farm," being a tract of 597 acres in Johnston County, N. C. They were partners, and in running the farm had contracted certain debts; also in the purchase of the land they had assumed certain liens on it. On 4 May, 1926, J. A. Griffin, A. R. Duncan and wife, Minnie T. Duncan, and W. I. Whitley and wife, Nina D. Whitley, conveyed their three-sixths (one-half) interest in the land to E. R. Gulley in fee simple. The deed was duly probated and filed for registration and registered 20 May, 1926, in Johnston County, N. C.

The deed recited a consideration of $100, and had the following: "And the said parties of the first part do for themselves and their heirs, executors and administrators, covenant to and with the said E. R. Gulley, his executors, administrators, and heirs and assigns, that the said Dr. J. A. Griffin, W. I. Whitley and A. R. Duncan each owns a one-sixth undivided interest in and he is seized of said premises in fee, and has a right to convey same in fee simple; that the same are free

and clear of all encumbrances, except such as have been placed upon the property by the parties hereto, C. W. Pender and J. M. Turley, the original owners of this tract, and these encumbrances and all other debts, liabilities and obligations due and owing by the partnership originally composed of the parties hereto, C. W. Pender and J. M. Turley, the party of the second part assumes and contracts and agrees to pay and to fully indemnify and save harmless the said Dr. J. A. Griffin, W. I. Whitley and A. R. Duncan from any loss or liability which they, or either of them may sustain by reason of having originally contracted any of said partnership debts; and the parties of the first part do forever warrant and will forever defend the title to the same against the lawful claims of all persons whomsoever."

The North Carolina Joint Stock Land Bank, among other defenses, set up the following: "That, at the time this defendant made the loan of $29,000 to the defendant, E. R. Gulley, it had no knowledge of any indebtedness assumed by the said E. R. Gulley, except such as appeared of record, that is to say, a deed of trust to the Chickamauga Trust Company securing the payment of the sum of $30,000, and the unpaid taxes, all of which was paid off and discharged out of the money furnished to the defendant, E. R. Gulley, by this defendant, and all of which was done directly for the benefit of and in the interest of the plaintiff's intestate and the defendant grantors of the said E. R. Gulley, and this defendant expressly denies that the debts referred to in paragraph 8 of the complaint are in any manner any lien or charge against the property conveyed by the deed of trust of 19 June, 1926, to the First National Trust Company of Durham, trustee, for this defendant."

E. R. Gulley, among other defenses, set up the following: "That, the grantors who conveyed this land to this defendant well knew that a new loan would have to be negotiated in order to prevent the threatened foreclosure of the deed of trust by the Chickamauga Trust Company, and this defendant procured a loan directly to himself from the North Carolina Joint Stock Land Bank on said land, and he took the money derived from this new loan and paid off the deed of trust to the Chickamauga Trust Company, and the taxes, which constituted the only liens of record existing against this property, and the plaintiff's intestate and other grantors, knew that that was the purpose of securing this new loan, and that the money was thus applied in discharging said liens, and they are now estopped to deny that the deed of trust to the First National Trust Company, trustee for the North Carolina Joint Stock Land Bank, is not the first and prior lien upon this property, and their conduct is especially set up as a defense and pleaded by this defendant as an estoppel."

E. R. Gulley admitted owing the debts and had made arrangements to pay part of them, and was anxious to pay them as soon as he had the funds, but denied the partnership obligations were a lien on the land.

The issues submitted to the jury and their answers thereto were as follows:

"1. Did the said A. R. Duncan, C. W. Pender, J. M. Turley, W. I. Whitley, E. R. Gulley and Dr. J. A. Griffin form a partnership to purchase and operate the farm described in the complaint, as alleged in the complaint? Answer: Yes.

2. Did the defendant, E. R. Gulley, assume the payment of the partnership obligations as a consideration for the execution of the deed by A. R. Duncan and others, as alleged? Answer: Yes.

3. What is the amount now due on said indebtedness? Answer: $4,000, with interest from 6 November, 1928.

4. Is the farm described in the complaint a part of the partnership property? Answer: Yes."

The court below charged the jury as follows: "Gentlemen of the jury, if you find the facts to be as testified by all the evidence, I direct you to answer the first, second and fourth issues, Yes, and the third issue $4,000, with interest from 6 November, 1928."

The court below rendered the following judgment, in part: "And the court being of the opinion, upon the verdict, that the said indebtedness is a prior lien upon the farm property described in the complaint: It is now, therefore, upon motion of J. D. Parker, attorney for the plaintiff, and Abell & Shepherd, attorneys for the estate of J. A. Griffin, ordered, adjudged and decreed that the indebtedness of $4,000, and interest, be and the same is hereby declared a specific first lien upon the real property set out and described in Exhibit 'B' attached to the complaint, and that the said real property be sold and the proceeds thereof applied to the satisfaction of said indebtedness, the costs of this action, and such expenses and allowances as may be made by the court."

The defendant, North Carolina Joint Stock Land Bank, made numerous exceptions and assignments of error and appealed to the Supreme Court. The other necessary facts will be set forth in the opinion.

*James D. Parker for plaintiff.*
*Abell & Shepherd for the estate of J. A. Griffin.*
*Levinson & Poole for North Carolina Joint Stock Land Bank.*

CLARKSON, J. The North Carolina Joint Stock Land Bank, at the close of plaintiff's evidence, and at the close of all the evidence, made motions in the court below for judgment as in case of nonsuit. C. S.,

567. The court below overruled these motions, and in this we think there was error..

The creditor, the Bank of Wendell, obtained a judgment of $4,000 and interest from 6 November, 1928, against all the partners, including plaintiff's intestate. The plaintiff's contention is that as administratrix of her husband, A. R. Duncan's estate, she is entitled to a first lien on the "John Ellington Farm," of 597 acres, as his estate is liable as one of the partners on the $4,000 judgment of the Bank of Wendell. From the entire record we cannot so hold. There is no language in the deed from plaintiff's intestate and others of 4 May, 1926, for one-half interest in the land conveyed to E. R. Gulley, that gives a lien on the land for the partnership debts. Plaintiff's intestate and the others conveyed the one-half interest in the land to E. R. Gulley, who assumed and agreed to pay off the encumbrances put on the property by C. W. Pender and J. M. Turley, which plaintiff's intestate and all the parties had assumed, amounting to $30,000 and taxes. To carry out this agreement, he borrowed $29,000 from the defendant, North Carolina Joint Stock Land Bank, and made a deed of trust to the First National Trust Company, trustee, on the land to secure same. The money loaned Gulley by the North Carolina Joint Stock Land Bank and more was paid on the $30,000 encumbrance on the land and taxes. The North Carolina Joint Stock Land Bank loaned the $29,000, and there is no allegations in the pleadings that there was any fraud or mutual mistake in the conveyance from plaintiff's intestate and others to E. R. Gulley of which the North Carolina Joint Stock Land Bank had notice.

In *Phillips v. Buchanan Lumber Co.,* 151 N. C., at 521, this Court, speaking to the subject, said: "Besides, a purchaser for value from one whose deed was procured by fraud gets a good title if he has no notice of the fraud. *Odom v. Riddick,* 104 N. C., 515, and cases there cited. Even a purchaser with notice of the fraud from an innocent purchaser without notice gets good title. *Glenn v. Bank,* 70 N. C., 205; *Fowler v. Poor,* 93 N. C., 466." *Brown v. Sheets,* 197 N. C., at p. 273, 63 A. L. R., 1357.

We think the recital in the deed means what it says: That Gulley assumed and agreed to pay the encumbrances already on the land and all other partnership debts—"assumes and contracts and agrees to pay and to fully indemnify and save harmless," etc. There is no language that can be construed or any strained construction can be put on the language in the deed that the partnership debts were a lien on the land which was conveyed by plaintiff's intestate and others to E. R. Gulley. Of course the . encumbrance was already on the land which Gulley assumed and has paid through a new loan of $29,000. Whatever rights and equities plaintiff has in reference to being a partner of Gulley,

need not be discussed on this record. We think plaintiff is estopped to claim a first lien on the property. Plaintiff's intestate and others made a deed to Gulley in fee simple; it was duly recorded. The North Carolina Joint Stock Land Bank when it loaned the $29,000 on examination of the record found the $30,000 lien and taxes on the land. These were paid off and canceled with the $29,000 loan and additional funds of Gulley. Relying on the record, the North Carolina Joint Stock Land Bank loaned the $29,000. In the deed made to Gulley there was no agreement that the partnership debts should be a lien on the land; there was only a personal obligation to pay them by Gulley. He has paid all except the $4,000. In the controversy, and on the entire record he appears to have acted in absolute good faith in the entire transaction.

Under our registration act, C. S., 3311, the North Carolina Joint Stock Land Bank acquired a first lien on the land.

In *Door Co. v. Joyner*, 182 N. C., at p. 521, it is said: "In the construction of our registration laws, this Court has very insistently held that no notice, however full and formal, will supply the place of registration."

In *Best v. Utley*, 189 N. C., at p. 364-5, it is said: "The public policy, upon which our registration laws are founded, favors an interpretation and construction of statutes relative to probates and registration, which will encourage confidence in records affecting titles, rather than suspicion, doubt and uncertainty."

For the reasons given there must be a
New trial.