E. C. SMITH AND HIS WIFE, MAMIE J. SMITH, v. TURNAGE-WINSLOW COMPANY, INC. (Now J. E. WINSLOW COMPANY, INC.).

(Filed 3 November, 1937.)

1. **Deeds § 10b—Purchasers for value in registered instruments take free from claims arising from unregistered instruments.**

    Ordinarily, a person interested in a transaction involving title to land may rely upon the public records, and a grantee, mortgagee, or trustee for value in registered instruments takes title conveyed in such instruments free from claims arising from prior unregistered instruments, and no notice, however full and formal, will supply want of registration. C. S., 3309, 3311.

2. **Deeds §§ 7, 10b—Purchase money deed of trust from husband on lands deeded to wife held ineffective as against purchaser from wife.**

    Where the owner of lands deeds same to a wife, according to the language of the registered instrument, and the husband alone executes a purchase money deed of trust on the lands which is registered prior to the registration of the deed in fee to the wife, the records are insufficient to show that the husband had any interest in the land, and the purchase money deed of trust is ineffective as against creditors or subsequent purchasers for value from the wife, and where the husband and wife thereafter execute a mortgage, which is duly registered, the mortgagee is entitled to foreclose same upon default as against those claiming title by foreclosure under the purchase money deed of trust, and this result is not affected by the fact that the mortgage, in the clause warranting title, referred to the purchase money deed of trust by page number of the

registry book, since such reference does not constitute even constructive notice in that the records would not have shown that the husband had any interest in the land, and since no notice, however full and formal, will supply want of registration. C. S., 3309, 3311.

APPEAL by defendant from *Cranmer, J.,* at April Term, 1937, of PITT. Reversed.

This is an action to enjoin the sale of a tract of land described in the complaint under the power of sale contained in a mortgage from Mary Paramore and her husband, W. B. Paramore, to the defendant, dated 12 February, 1929, and duly recorded in the office of the register of deeds of Pitt County, on 13 February, 1929, in Book B-17, at page 243.

The plaintiffs allege in their complaint that they are the owners in fee and in possession of the tract of land described in the complaint, and that they claim title to said tract of land under and through deeds and conveyances as follows:

1. Deed from G. W. Haddock and his wife, Bessie Haddock, to W. B. Paramore, dated 21 October, 1922, and conveying the tract of land described in the complaint.

This deed is not recorded in the office of the register of deeds of Pitt County; there is, however, a deed dated 21 October, 1922, from G. W. Haddock and his wife, Bessie Haddock, to Mary Paramore, wife of W. B. Paramore, recorded in said office, on 9 February, 1929, in Book E-17, at page 422.

2. Deed of trust from W. B. Paramore to A. W. Bailey, trustee, dated 21 October, 1922, and duly recorded in the office of the register of deeds of Pitt County, on 24 October, 1922, in Book P-14, at page 293. The said tract of land is the same as that described in the complaint and in the deed from G. W. Haddock and his wife, Bessie Haddock, to Mary Paramore, wife of W. B. Paramore, dated 21 October, 1922, and recorded in the office of the register of deeds of Pitt County, on 9 February, 1929, in Book E-17, at page 422.

An endorsement, as follows, appears on the margin of the page on which the said deed of trust is recorded:

"This deed of trust has been foreclosed. The land described therein was purchased by G. W. Haddock. This 12 December, 1930.

A. W. BAILEY, Trustee.
Book P-14, page 293,
Pitt County Registry."

3. Deed from A. W. Bailey, trustee, to G. W. Haddock, dated 12 December, 1930, and duly recorded in the office of the register of deeds of Pitt County, on 12 December, 1930, in Book U-18, at page 145. The tract of land conveyed by this deed is the same as that described in the complaint.

4. Deed from G. W. Haddock and his wife, Bessie Haddock, to J. S. Paramore, dated 21 December, 1934, and duly recorded in the office of the register of deeds of Pitt County, on 21 December, 1934, in Book U-18, at page 38. The tract of land conveyed by this deed is the same as that described in the complaint.

5. Deed from J. S. Paramore and his wife, Myrtle Paramore, to E. C. Smith and his wife, Mamie J. Smith, dated 24 October, 1935, and duly recorded in the office of the register of deeds of Pitt County, on 24 October, 1935, in Book F-16, at page 14. The tract of land conveyed by this deed is the same as that described in the complaint.

The defendant in its answer denies that plaintiffs are the owners in fee of the tract of land described in the complaint, and alleges that W. B. Paramore, under whom the plaintiffs claim title to said tract of land, never had title to the same, and that for that reason his deed of trust to A. W. Bailey, trustee, conveyed no title to said tract of land.

The plaintiffs further allege in their complaint that at the date of the execution of the deed from G. W. Haddock and his wife, Bessie Haddock, and at the date of the execution of the deed of trust from W. B. Paramore to A. W. Bailey, trustee, to wit: 21 October, 1922, the grantee named in said deed was W. B. Paramore; that after the delivery of said deed to W. B. Paramore, and after the registration of said deed of trust from W. B. Paramore to A. W. Bailey, trustee, and before the registration of the deed from G. W. Haddock and his wife, Bessie Haddock, on 9 February, 1929, W. B. Paramore caused his name to be stricken from said deed as the grantee named therein, and the name of his wife, Mary Paramore, to be written therein as the grantee; and that after the said change in the name of the grantee in said deed, the said deed was recorded in the office of the register of deeds of Pitt County, on 9 February, 1929, in Book E-17, at page 422, with the result that the name of Mary Paramore appears in the said deed as grantee, whereas the name of W. B. Paramore should appear in said deed as grantee.

The defendant in its answer denied this allegation in the complaint, and alleges that if the change in the name of the grantee in said deed was made as alleged in the complaint, the defendant at or before the date of its mortgage from Mary Paramore and her husband, W. B. Paramore, to wit: 12 February, 1929, the defendant had no notice of such change, and that it took said mortgage as security for the indebtedness of the said Mary Paramore and her husband, W. B. Paramore, to the defendant, relying upon the records in the office of the register of deeds of Pitt County.

The plaintiffs further allege in their complaint that on 12 February, 1929, W. B. Paramore and his wife, Mary Paramore, executed a mortgage by which they conveyed to the defendant the tract of land described

in the complaint, together with other property, real and personal, for the purpose of securing the payment of their indebtedness to the defendant as recited in said mortgage; that said mortgage was duly recorded in the office of the register of deeds of Pitt County, on 13 February, 1929, in Book S-17, at page 293; and that said mortgage contains a clause in words as follows:

"The parties of the first part further represent that they are the owners in fee simple of the property above described, and that the same is not encumbered by any other mortgage or judgment, or in any manner, except P-14, 293, on real estate."

The defendant in its answer admits this allegation of the complaint, and alleges that by reason of said mortgage from Mary Paramore and her husband to the defendant, the defendant has a lien on the tract of land described in the complaint prior to any claim of the plaintiffs to said tract of land. The defendant further admits in its answer the allegation of the complaint that the defendant has advertised the tract of land described in the complaint for sale under the power of sale contained in the said mortgage, and that unless enjoined and restrained by the court in this action, the defendant will sell the said tract of land in accordance with said advertisement.

When the action was called for trial, and the pleadings read, the court was of opinion that on the allegations of the complaint, and the admissions of the answer, the plaintiffs are the owners in fee simple and entitled to the possession of the tract of land described in the complaint, and that the mortgage from W. B. Paramore and his wife, Mary Paramore, to the defendant, by reason of the reference therein to the deed of trust from W. B. Paramore to A. W. Bailey, trustee, as recorded in the office of the register of deeds of Pitt County, in Book P-14, at page 293, is not a lien on the said tract of land, and accordingly adjudged that the plaintiffs are the owners in fee and entitled to the possession of the said tract of land, and enjoined the defendant from selling said tract of land under the power of sale contained in said mortgage. It further adjudged that the costs of the action be taxed against the defendant.

From said judgment the defendant appealed to the Supreme Court, assigning error in the judgment.

*Blount & James for plaintiffs.*
*J. L. Evans and Albion Dunn for defendant.*

CONNOR, J. A person interested in a transaction involving the title to land situate in any county of this State may ordinarily rely upon the public records of said county for the purpose of ascertaining the true title to said land.

It is provided by statute that "no conveyance of land, or contract to convey or lease of land for more than three years, shall be valid to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor, or lessor, but from the registration thereof within the county where the land lies." C. S., 3309.

It is further provided by statute that "no deed of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor, or mortgagor, but from the registration of such deed of trust or mortgage on the county where the land lies; or in case of personal estate, where the donor, bargainor, or mortgagor resides; or in case the donor, bargainor, or mortgagor resides out of the State, where the said personal property, or some part of the same, is situated; or in cases of choses in action, where the donee, bargainee, or mortgagee resides." C. S., 3311.

In construing and applying the foregoing statutes, this Court has uniformly and consistently held that no notice, however full and formal, will supply want of registration where the unregistered deed conveys land, or the unregistered deed of trust or mortgage conveys land or personal property to one who is claiming said land or personal property against a purchaser for value from or against a creditor of one whose title to the said land or personal property is derived from a duly registered deed, deed of trust, or mortgage. Such construction and application is necessary to enforce the public policy of this State, as declared in these statutes. This policy cannot be varied to meet the apparent hardship of an individual case, such as that presented by the record in this appeal. See *Duncan v. Gulley,* 199 N. C., 552, 155 S. E., 244, and numerous other cases which may be found in digests in general use.

If it be conceded in this case that the words and figures found in the clause contained in the mortgage from Mary Paramore and her husband, W. B. Paramore, to wit: "Except P-14-293," are sufficient as a reference to the deed of trust from W. B. Paramore to A. W. Bailey, trustee, recorded in the office of the register of deeds of Pitt County, on 24 October, 1922, in Book P-14, at page 293, it does not follow that such reference was sufficient notice to the defendant at the date of the execution of its mortgage from Mary Paramore and her husband, W. B. Paramore, that W. B. Paramore had title, legal or equitable, to the land conveyed to the defendant by its mortgage. An investigation of the records in the office of the register of deeds of Pitt County, at or before the date of the execution of said mortgage, would have disclosed a deed from G. W. Haddock and his wife, Bessie Haddock, to Mary Paramore, dated 21 October, 1922, and recorded in said office on 9 February, 1929, in Book E-17, at page 422; such investigation would not have disclosed any deed to W. B. Paramore, conveying to him the land which he conveyed

by his deed of trust to A. W. Bailey, trustee. When the defendant accepted the mortgage from Mary Paramore and her husband, W. B. Paramore, it had no notice, actual or constructive, that the deed from G. W. Haddock and his wife, Bessie Haddock, at the date of its delivery, conveyed the land described therein to W. B. Paramore, and not to his wife, Mary Paramore, as shown by the record. See *Hardy v. Fryer,* 194 N. C., 420, 139 S. E., 833, where the facts are readily distinguishable from the facts of this case.

There is error in the judgment on the pleadings in the instant case. The judgment is reversed and the action remanded to the Superior Court of Pitt County for trial by a jury of the issues raised by the pleadings. What the legal effect of answers to these issues favorable to the plaintiff will be is not presented on the record in this appeal.

Reversed.