The court below rendered the following judgment:
"This cause coming on to be heard before his Honor, Henry A. Grady, Judge Presiding, and a jury, at the February Term, 1938, a Special Term of Pitt Superior Court, and being heard, and at the close of plaintiffs' testimony the defendant having moved for a judgment of nonsuit and to have the court to declare upon plaintiffs' evidence that defendant's mortgage is the first valid subsisting lien upon the property in controversy, paramount to any rights or claims of the plaintiffs.
"And it appearing to the court from the evidence introduced by the plaintiffs that at the time of the execution of the mortgage from Mary Paramore was seized in fee of the land in controversy and that her title was paramount to the trust deed from W. B. Paramore to A. W. Bailey, trustee, and that the lien of defendant's mortgage is paramount to any claim or interest of the plaintiffs, as appears from the record.
"It is now, therefore, considered, ordered, adjudged and decreed upon motion of Messrs. J. L. Evans and Albion Dunn, attorneys for the defendant, that defendant's mortgage, described in the pleadings be and the same is hereby declared to be valid and subsisting and a lien upon the land in controversy paramount to any claim, right or title of the plaintiffs; and it is further considered, ordered and adjudged that plaintiffs take nothing by their action, that same be dismissed and that the *Page 841 
restraining order heretofore issued herein be vacated and dissolved, and that the defendant recover of the plaintiffs and F. A. Elks, surety on the prosecution bond filed herein, the costs of the action to be taxed by the clerk. Henry A. Grady, Judge Presiding."
The plaintiffs' exceptions and assignments of error are as follows:
"1. Plaintiffs contend that his Honor erred in allowing the defendant's motion for nonsuit, for that there was evidence sufficient to be submitted to the jury on the issues raised by the pleadings, and for that the Supreme Court expressly held when this case was previously before it (Smith v.Turnage-Winslow Co., Fall Term, 1937), that the case should be tried by a jury.
"2. For that there was no foundation or justification for his Honor's finding and judgment that `defendant's mortgage is valid and subsisting and a lien upon the land in controversy, paramount to any claim, right or title of the plaintiffs.'"
At the close of plaintiffs' evidence the defendant made a motion in the court below for judgment as in case of nonsuit. C. S., 567. The court below granted the motion and in this we can see no error.
The case was before this Court at Fall Term, 1937, Smith v.Turnage-Winslow Co., 212 N.C. 310. Connor, J., for a unanimous Court, wrote the law applicable to the facts. In that case the facts are fully set forth and there is no need to repeat them, except to say on the present record there are no issues to be submitted to a jury. We see no error in the court below declaring defendant's mortgage paramount to plaintiffs' title.
The judgment of the court below is
Affirmed.