GEORGE W. CASE v. G. B. ARNOLD AND MAUDE ARNOLD, HIS WIFE;
W. K. ADOLPHI AND THELMA ADOLPHI, HIS WIFE; AND R. M.
LEWIS.

(Filed 10 May, 1939.)

**Mortgages § 12: Deeds § 10b—No notice takes place of registration as to purchaser for value, but only purchasers and creditors for value are protected.**

Plaintiff instituted this action to reform a mortgage upon allegations that a certain lot belonging to mortgagor had been omitted from the description by mutual mistake and that the defendant who held a subsequent mortgage upon the property described in plaintiff's mortgage, including the lot omitted therefrom by mistake, had actual notice thereof and that he was not an innocent purchaser for value. *Held:* The allegation as to notice is unavailing, since no notice, however full and formal, will take the place of registration, but such defendant's demurrer *ore tenus* should not have been sustained, since the complaint alleges that he was not an innocent purchaser for value and the registration laws, C. S., 3309, 3311, protect only creditors and purchasers for value.

APPEAL by plaintiff from *Phillips, J.,* at February Term, 1939, of
MOORE. Reversed.

Civil action to reform a mortgage from the defendants, other than
R. M. Lewis, to the plaintiff so as to incorporate therein, as a part of
the property conveyed, Lot No. 22 in Block D and 1 in the plan of
Southern Pines, as shown by a recorded plat thereof, alleged to have
been omitted from the description by mutual mistake. The plaintiff
also seeks foreclosure.

Plaintiff alleges that the defendants, other than R. M. Lewis, being
the owners of certain property in Southern Pines, including Lot No. 22
in Block D and 1, as shown on a recorded map of Southern Pines, on
28 April, 1927, executed and delivered to the plaintiff a mortgage to
secure the payment of $1,000; that it was intended by the parties that
the land conveyed by the mortgage should include Lot 22; that no part
of the debt has been paid and the same is now due; that subsequently
in January, 1937, plaintiff discovered that Lot 22, upon which the house
and outbuildings were located, and which constituted the principal part
of his security, was by the mutual mistake of the plaintiff and said
defendants inadvertently left out and not fully described by its number
as had been intended; that on 1 May, 1931, the defendants, other than
R. M. Lewis, executed and delivered to the defendant R. M. Lewis a
mortgage purporting to secure $1,000 and purporting to convey all of
the property described in plaintiff's mortgage, including Lot 22; that
at the time of the execution and delivery of the mortgage to R. M.

Lewis he had actual knowledge of the fact that it was intended that plaintiff's mortgage should include and embrace Lot 22; and that the said R. M. Lewis is not a purchaser or mortgagee for value and without notice.

The defendants, other than R. M. Lewis, having failed to answer, there was judgment by default as against them. The defendant R. M. Lewis demurred *ore tenus* to the complaint, for that the complaint on its face does not allege facts sufficient to constitute a cause of action against him. The demurrer was sustained and the plaintiff excepted and appealed.

*Seawell & Seawell for plaintiff, appellant.*
*U. L. Spence and W. Duncan Matthews for Robert M. Lewis, appellee.*

BARNHILL, J. The plaintiff alleges various circumstances which he contends were sufficient to put the defendant on notice that it was intended that the mortgage to the plaintiff should include and embrace Lot 22. Actual notice, however full and formal, does not take the place of registration. *McClure v. Crow,* 196 N. C., 657, 146 S. E., 713; *Sexton v. Elizabeth City,* 169 N. C., 385, 86 S. E., 344; *Blacknall v. Hancock,* 182 N. C., 369, 109 S. E., 72; *Robinson v. Willoughby,* 70 N. C., 358; *Duncan v. Gulley,* 199 N. C., 552, 155 S. E., 244. In any event, the allegations of notice to the appealing defendant is counter-balanced or negatived by the positive allegation in the complaint that a description of Lot 22 was omitted from the mortgage. If the mortgage sufficiently described this lot there is no occasion for reformation as sought by the plaintiff.

The plaintiff goes further and alleges that the defendant Lewis is not an innocent purchaser for value. If he can establish this as a fact in a trial before a jury then he, upon a proper showing of mutual mistake, is entitled to have a reformation of his mortgage as against Lewis, as well as against the original mortgagors. The registration laws are enacted for the protection of creditors and innocent purchasers for value. C. S. 3309, C. S. 3311. They protect only creditors and purchasers for a valuable consideration against unrecorded deeds, mortgages, leases and other paper writings affecting the title to the lands conveyed. *Twitty v. Cochran,* 214 N. C., 265, and cases there cited.

In the respect indicated the complaint sufficiently states a cause of action. There was error in the order sustaining the demurrer *ore tenus* interposed by the defendant R. M. Lewis.

Reversed.