MERCHANTS & FARMERS BANK OF LANDIS, NORTH CAROLINA, A
    CORPORATION, AND O. R. BLACK, TRUSTEE, v. MAE OLA HEINTZ SHER-
    RILL AND J. C. SHERRILL.

(Filed 19 April, 1950.)

**1. Mortgages § 5: Deeds § 5—**

The introduction in evidence by plaintiff of recorded deed of trust with
recitals showing purported signatures of the trustors duly acknowledged,
probated and recorded, raises the presumption of due execution, signing
and delivery, and the testimony of the *feme* trustor that she did not sign
the instrument, even though not contradicted by oral testimony, does not
warrant a peremptory instruction in her favor, the matter being for the
determination of the jury upon the evidence under appropriate instruc-
tions from the court.

**2. Estoppel § 7—**

The power of a married woman to effect a conveyance of her real prop-
erty by estoppel *in pais* is delimited by Art. X, sec. 6, of the Constitution
of North Carolina.

APPEAL by plaintiffs from *Bennett, Special Judge,* December Term,
1949, of CABARRUS.   New trial.

*L. E. Barnhardt and Hugh Q. Alexander for plaintiffs, appellants.*
*John C. Kesler for defendant, appellee.*

DEVIN, J.   Plaintiff Bank instituted action to foreclose a deed of
trust purported to have been executed by defendants to secure a note of
$4,000, which it is alleged is overdue and unpaid.   The *feme* defendant
answered that the real property described in the complaint was her own
and that she had not signed the note or deed of trust, alleging forgery.
Plaintiff replied that if the papers were forged the *feme* defendant with
knowledge of the forgery had failed for two years to so advise plaintiff
and had accepted the benefit of the cancellation of a prior deed of trust
of $3,000 from the proceeds of the $4,000 loan, and that she was now
estopped to deny validity of the deed of trust sued on.   Defendant re-
joined that the prior deed of trust referred to was also a forgery.

Plaintiff offered in evidence the record of the deed of trust, reciting
the indebtedness of defendants and the execution of the note, and showing
the purported signature, acknowledgment and private examination of
*feme* defendant.   Plaintiffs also offered oral testimony that the note and
deed of trust, the property of the plaintiff Bank, were due and unpaid.
The *feme* defendant testified she did not sign the instruments sued on,
or the prior deed of trust referred to in the reply, and that as soon as
she discovered the Bank held the papers she sought without success to

induce her husband to pay the balance due; that she was not now living with her husband, and had received no benefit from either of the notes or deeds of trust referred to.

Issues were submitted as to the execution by the *feme* defendant of the two deeds of trust referred to in the pleadings, and the jury was instructed to answer these issues no, if they found the facts to be as all the evidence tended to show. Verdict was returned accordingly and the plaintiffs excepted and appealed.

We think there was error in giving to the jury the instructions complained of. The introduction by the plaintiff of the recorded copy of the deed of trust sued on (G.S. 8-18), with its recitals, showing the purported signatures of the defendants duly acknowledged, probated and recorded, together with proof that the debt secured was due and unpaid, made out a *prima facie* case for the plaintiffs. The record raised the presumption of due execution, signing and delivery of the deed of trust. *Belk v. Belk,* 175 N.C. 69 (72), 94 S.E. 726; *Best v. Utley,* 189 N.C. 356 (364), 127 S.E. 337; *Johnson v. Johnson,* 229 N.C. 541 (545), 50 S.E. 2d 569.

The burden was on the *feme* defendant to rebut this presumption, *Johnson v. Johnson, supra.* She testified she did not sign the written instruments referred to, and that her purported signatures thereon were forged. True, this evidence was not contradicted by oral testimony, but it left the matter open for the jury to determine the credibility and weight of the evidence under appropriate instructions from the court. G.S. 1-180; *Perry v. Trust Co.,* 226 N.C. 667, 40 S.E. 2d 516; *Morris v. Tate,* 230 N.C. 29, 51 S.E. 2d 892.

In view of the holding of this Court in *Buford v. Mochy,* 224 N.C. 235, 29 S.E. 2d 729, it would seem that the power of a married woman to effect a conveyance of her real property by estoppel *in pais* is delimited by Article X, sec. 6, of the Constitution of North Carolina.

New trial.