ANNIE CLARK v. JOHNNIE BUTTS AND MARY TRAFTON BUTTS.

(Filed 13 October, 1954.)

**1. Wills § 4—**

A written contract to devise a life estate in described lands in consideration of personal services to be rendered is specifically enforceable in a court of equity by the declaration of a trust in favor of the party performing the personal services in accordance with the agreement and in reliance thereon.

**2. Same—Evidence held sufficient to be submitted to the jury in action to enforce contract to devise.**

Evidence establishing that the owner of realty executed a written contract to devise plaintiff a life estate therein if plaintiff would stay with and look after him in his last days should he become disabled, together with evidence that plaintiff registered the agreement and, in reliance on the contract, performed the personal services contemplated for a period of two years, that plaintiff having nursed him to a state of health where he could get around by himself, the owner left plaintiff in his home and went to visit relatives in another state, and that the owner thereafter deeded the property to such relatives and later died, without having been again disabled, *is held* sufficient to overrule the grantees' motion to nonsuit in

plaintiff's action to recover possession of the land under her claim of a life estate.

**3. Contracts § 1—**

Persons *sui juris* have a right to make any contract not contrary to law or public policy.

**4. Frauds, Statute of, § 9—**

A written contract to devise realty in consideration of personal services to be rendered, which agreement is signed by the person to be charged, does not come within the ban of the statute of frauds. G.S. 22-2.

**5. Registration § 3—**

A contract to devise realty in consideration of services to be rendered, which contract is proven, probated, and registered in conformity with statute, G.S. 47-12, 47-17, 47-18, and 47-37, takes precedence over a subsequently executed deed to third persons.

**6. Limitation of Actions § 6d—**

A cause of action for breach of written contract to convey certain lands to plaintiff for life, if she should survive the obligor, arises upon the prior death of the obligor without devising the property in accordance with the agreement, and not upon the obligor's execution of deed to third persons subsequent to the execution and registration of the contract to devise.

APPEAL by defendants from *Carr, J.*, at March Term, 1954, of CAMDEN.

Civil action begun 27 January, 1949, to recover possession of a certain lot of land in Camden County, North Carolina, in which plaintiff claims a life estate.

Plaintiff alleges in her complaint and upon the trial in Superior Court offered evidence tending to show:

1. That on 21 April, 1942, plaintiff and one J. P. Askew (also referred to herein as Jonas P. Askew) entered into a contract in words and figures, as follows:

"NORTH CAROLINA

CAMDEN COUNTY

"It is agreed this day by J. P. Askew and Annie Clark that if the said Annie Clark will stay with me and look after me in my last days should I become disabled, I agree to leave to her, should she be the longest liver during her natural life, the house and lot in which I live, and at her death to go to my heirs as provided hereafter.

"Witness my hand this twenty-first day of April, 1942.

J. P. ✕ ASKEW (SEAL)
his mark

ANNIE ✕ CLARK (SEAL)
her mark

"Witness:

S. B. SEYMOUR."

2. That the execution of this instrument was proven before Clerk of Superior Court of Camden County, N. C., on 15 June, 1942, by the oath and examination of S. B. Seymour, the subscribing witness thereto, and the Clerk ordered that the same, with the certificate, be registered, and it was duly recorded in the office of the Register of Deeds of Camden County in Deed Book 25 at page 33 on 16 June, 1942.

3. That at the time of the execution of the contract above described J. P. Askew was disabled by illness, confined to his bed, and in a very weakened condition; that plaintiff, in reliance upon the contract, went to his home, where she rendered services for a period of two years; that the services consisted of house work, cooking, washing, taking care of the premises, and rendering personal services to him while he was in sickness and incapable of caring for himself.

4. That after two years the said J. P. Askew, having been nursed by the plaintiff into a state of health so that he could get around by himself, left his home and went into Virginia to visit with relatives, leaving the plaintiff in the house where he had lived; and she continued to live there until the house was burned.

5. That on 14 May, 1945, J. P. Askew, by deed, purported to convey to Johnnie Butts and wife, Mary Trafton Butts, the defendants herein, the property mentioned in said contract, which deed was probated 19 May, 1945, and recorded in Deed Book 26 at page 429 of Camden County Public Registry. (It being stipulated between counsel for plaintiff and defendant that the tract of land described in the deed just referred to is the same property upon which Jonas Askew was living on the 21st day of April, 1942, which is referred to in the contract between Clark and Askew.)

6. That Johnnie Butts and wife, Mary Trafton Butts, at the time of the purported conveyance by Jonas P. Askew to them, had full knowledge and formal notice of the agreement by the said Jonas Askew to leave the aforementioned property to Annie Clark.

7. That Jonas P. Askew died 7 January, 1949, without having devised the said property to Annie Clark for life.

8. That at all times after the said Jonas P. Askew left his home as aforesaid, plaintiff was ready, able and willing to perform any service that he might require; that he was never disabled again, but was in good health until he died; and that plaintiff has complied with all conditions precedent in the contract.

Thereupon plaintiff prays judgment that she be declared the owner of a life estate in the said property of Jonas P. Askew, and be put in possession, for costs, and for such other and further relief as to the court may seem just, right and proper.

Defendants, answering, admit the record of the alleged contract between plaintiff and Jonas P. Askew, that Jonas P. Askew left his home in Camden County and visited relatives in Virginia; and that on 14 May, 1945, Jonas P. Askew executed to them a deed conveying the property on which they now reside; and that Jonas P. Askew died 7 January, 1949, without having devised said property to plaintiff for life.

And for a further defense defendants aver: (1) "That if there was a contract entered into between the said Jonas P. Askew and Annie Clark affecting any of the property belonging to the said Jonas P. Askew, deceased, said contract was breached by the said Annie Clark or by the said Jonas P. Askew, either or both; and that if, by reason of the breach of contract by Annie Clark and-or Jonas P. Askew, the said Annie Clark is entitled to any relief or damages for such breach, then such damage growing out of the breach of the agreement between the said Annie Clark and Jonas P. Askew is entitled to be paid from the estate of Jonas P. Askew"; and

(2) "that there has never existed between plaintiff and defendants a contractual relationship entitling the plaintiff to any recovery of the defendants, nor has she alleged in the complaint any relationship of any kind entitling her to any claim upon the defendants growing out of any contract, tort or otherwise."

Thereupon defendants pray that plaintiff take nothing by her action, etc.

Upon the trial plaintiff, as hereinabove stated, offered evidence tending to support the allegations of her complaint.

Motion of defendants, entered at conclusion of plaintiff's evidence, for judgment as of nonsuit was denied. Defendants excepted. Exception No. 1.

Thereupon defendant John Butts gave testimony tending in the main to controvert evidence offered by plaintiff in respect to the care and attention she gave to Jonas P. Askew. And he testified: "I knew about the contract that Annie Clark had with Jonas Askew before I bought the land. I had heard of it. It was mentioned in my deed. Annie Clark was living in the house when I bought it. I knew that Annie Clark had lived with Jonas and had looked after him for a short while. I knew that Annie Clark was living in the house when I bought it and she stayed there until the house burned down. I didn't try to get her out . . . After he (Askew) came back from Virginia I didn't ask her to go up there and look after him because it wasn't my affair . . . I didn't get Annie Clark to come down there because Jonas Askew always said he didn't want her. I never let Annie Clark know he needed her because I didn't have anything to do with it. That was his business."

Defendants' motion for judgment as of nonsuit renewed at the conclusion of all the evidence was denied. Defendants excepted. Exception No. 2.

The case was submitted to the jury upon these issues which were answered by the jury as indicated:

"1. Did the plaintiff, Annie Clark, enter into a written contract with J. P. Askew, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff, Annie Clark, perform all her obligations under the terms of said contract, as alleged in the complaint? Answer: Yes.

"3. Did the said J. P. Askew breach the terms of said contract by conveying the land described in the complaint to the defendants, Johnnie Butts and Mary Trafton Butts, and by failing to convey or devise a life estate in the land to plaintiff, as alleged in the complaint? Answer: Yes.

"4. Did the defendants, Johnnie Butts and Mary Trafton Butts, have notice of the written contract between plaintiff and J. P. Askew referred to in the complaint at the time said land was conveyed to them by J. P. Askew? Answer: Yes."

The court entered judgment on the verdict, adjudging "that the plaintiff is the owner of a life estate and entitled to the immediate possession of the land referred to in the complaint and described in a deed from Jonas P. Askew to the defendants herein, dated May 14, 1945, and recorded in Deed Book 26, page 429, of Camden County," and that defendants pay the costs, etc.

Defendants except thereto and appeal to Supreme Court and assign error.

*M. B. Simpson, Jr., for plaintiff, appellee.*
*J. W. Jennette for defendants, appellants.*

WINBORNE, J. The assignments of error, determinative of this appeal, as brought forward and discussed together in brief of attorney for defendants appellants, are based upon exceptions Numbers 1 and 2 to denial of their motions for judgment as of nonsuit aptly made, and upon exception Number 6 to the refusal of the court to give peremptory instruction for negative answer to third issue.

In this connection, taking the evidence offered upon trial in Superior Court in the light most favorable to plaintiff, and giving to her the benefit of every reasonable intendment thereon, and every reasonable inference to be drawn therefrom, there appears to be sufficient evidence, in the light of applicable principles of law, to support the verdict of the jury upon each and all of the issues submitted, and decisions of this Court support the judgment on the verdict.

. The principle of law enunciated in *East v. Dolihite,* 72 N.C. 562, by *Rodman, J.,* that "No doubt a person may make a binding contract to devise his lands in a particular way, and a court of equity in a proper case will enforce in effect a specific performance of the contract" has been repeated and applied by this Court in numerous cases. See *Price v. Price,* 133 N.C. 494, 45 S.E. 855; *Stockard v. Warren,* 175 N.C. 283, 95 S.E. 579; *Grantham v. Grantham,* 205 N.C. 363, 171 S.E. 331; *Chambers v. Byers,* 214 N.C. 373, 199 S.E. 398; *Bohannon v. Trotman,* 214 N.C. 706, 200 S.E. 852.

In *Stockard v. Warren, supra, Clark, C. J.,* writing for the Court reiterates the above quotation from the *East case* and continues with this quoted language: " 'It is settled by a line of authorities which are practically uniform, that while a court of chancery is without power to compel the execution of a will, and therefore the specific execution of an agreement to make a will cannot be enforced, yet if the contract is sufficiently proved and appears to have been binding on the decedent, and the usual conditions relating to specific performance have been complied with, then equity will specifically enforce it by seizing the property which is the subject matter of the agreement, and fastening a trust on it in favor of the person to whom the decedent agreed to give it by his will.' *Naylor v. Shelton,* Am. Ann. Cases, 1914, A. 394."

And in *Chambers v. Byers, supra,* in opinion by *Clarkson, J.,* it is declared: "Persons *sui juris* have a right to contract if it is not contrary to law or public policy." There as here the agreement was in writing and did not come within the ban of the statute of frauds. C.S. 988, now G.S. 22-2.

Indeed, the contract here involved is "in writing and signed by the party to be charged therewith," and it is proven, probated and registered, all in conformity with statutory requirements. G.S. 47-1, 47-12, 47-17, 47-18 and 47-37. And a contract to convey land for more than three years, so proven, probated and registered, is valid to pass the land, as against creditors or purchasers for a valuable consideration, from the donor, bargainor, or lessor, from the registration thereof within the county where the land lies. G.S. 47-18. The object of such registration is to give notice to creditors and purchasers for value, or others whose rights might otherwise be seriously and unjustly impaired by the deed. See *Bonding Co. v. Knox,* 220 N.C. 725, 18 S.E. 2d 436, 138 A.L.R. 1438.

Under this Section G.S. 47-18, a grantee in a deed acquires title to the land there conveyed as against subsequent purchasers for value from the date of the registration of the instrument. *Sills v. Ford,* 171 N.C. 733, 88 S.E. 636. And among two or more contracts to sell land, the first one registered will confer the superior right.

The contract in the case in hand was registered nearly three years before the deed from Askew to defendants was executed. The registration of it was constructive notice to them. And admittedly they had actual notice of it. So whatever rights they acquired by the deed from Askew to them were subservient to the rights of the plaintiff under her prior registered contract, which was binding on Askew. Therefore Askew could convey to defendants no greater right than he had.

Defendants contend, however, that if Askew breached the contract with plaintiff he did so at the time he made the deed to them, and that she has delayed too long in bringing this action. The position, in any event, is not tenable. Askew agreed to leave the land to her "should she be the longest liver." Therefore her right of action did not accrue until the date of his death. And she brought suit within six months thereafter.

Defendants, as disclosed by the record on this appeal, make other assignments of error but these are not brought up and discussed in their brief. Hence they are deemed to be abandoned. Rule 28 of the Rules of Practice in the Supreme Court, 221 N.C. 544, at pages 562-3.

For reasons stated, in the judgment below we find

No error.