VIRGINIA LAMM HAYES AND HUSBAND, J. F. HAYES, BESSIE H. LAMM, ZELMA LAMM POYTHRESS AND HUSBAND, T. M. POYTHRESS, AND TEMPIE ANN HAYES, AN INFANT APPEARING HEREIN BY HER NEXT FRIEND, J. W. HARRISON, v. EUNICE WILLIAMSON DECKER RICARD AND FREE WILL BAPTIST ORPHANAGE, INCORPORATED.

(Filed 27 March, 1957.)

**1. Ejectment § 15—**

In all actions in the nature of ejectment, plaintiff must show ownership and right to possession, and, if he seeks a monetary judgment, wrongful possession of defendant and the amount of damages resulting therefrom.

**2. Deeds § 1a—**

A quitclaim deed reciting a valuable consideration and that the grantors did thereby bargain, sell, quitclaim and convey all right, title and interest to the described lands, is an instrument of conveyance and passes whatever right, title and interest grantors had power to convey at the time of its execution and delivery.

**3. Deeds § 5—**

The registration of a deed raises the presumption of execution and delivery.

**4. Registration § 4—**

A subsequently dated but prior recorded deed, including a quitclaim deed supported by consideration, takes precedence over a prior dated but subsequently recorded fee simple deed. G.S. 47-18.

**5. Ejectment § 17—**

Where plaintiffs in ejectment introduce a registered fee simple conveyance from the common source of title and also, for the purpose of attack, a subsequently dated but prior recorded quitclaim deed to defendant from the common source, but failed to offer any evidence attacking the quitclaim deed or rebutting its recitation of a valuable consideration, nonsuit is proper for their failure to show a superior title from the common source. Plaintiff's contention that the quitclaim deed disclosed on its face that it conveyed nothing, since at the time of its execution the grantor had already executed a warranty deed and therefore had nothing left to convey, is untenable under our registration laws.

APPEAL by plaintiffs from *Fountain, S. J.,* September, 1956 Term, WILSON Superior Court.

This is a civil action in the nature of ejectment. Decision on a former appeal is reported in 244 N.C. 313, 93 S.E. 2d 540, to which reference is made for analysis of the pleadings. On the hearing from which the present appeal was taken, the plaintiffs introduced a record chain of title to the land in controversy culminating in a deed to R. A. Stamper, under whom both the plaintiffs and the defendants claim. The plaintiffs introduced a fee simple warranty deed dated 30 April, 1945, from R. A. Stamper and wife to Grover T. Lamm (subject to a deed of trust which Grover T. Lamm paid). This deed recited a consideration of $10.00 and other valuable consideration. They also introduced the will of Grover T. Lamm probated on 18 December, 1952. If the plaintiffs and the defendant Free Will Baptist Orphanage acquired the land in controversy, they did so under items of Mr. Lamm's will devising to them certain interests "in all real estate owned by me and located in Wilson County." No further identification or description of the devise is given.

The plaintiffs also introduced in evidence (for the purpose of attack) a deed as follows, (omitting the description which is not in dispute):

"NORTH CAROLINA

WILSON COUNTY

THIS QUITCLAIM DEED made this 7th day of September, 1946, by R. A. Stamper and his wife, Sophie P. Stamper, parties of the first part, to Eunice Williamson Decker, party of the second part, all of Wilson County, North Carolina, WITNESSETH:

That for and in consideration of the payment unto them of One Dollar and other valuable consideration, the receipt of which is hereby acknowledged, the said R. A. Stamper and wife, Sophie P. Stamper, have bargained and sold and do hereby bargain, sell, quitclaim and convey unto the said Eunice Williamson Decker, all of the right, title and interest in and to the following described tract of land, to-wit: (description omitted)

To HAVE AND TO HOLD all of the right, title and interest of the parties of the first part in and to the above described tract of land unto the said Eunice Williamson Decker, her heirs and assigns, in fee simple forever.

IN WITNESS WHEREOF, the said R. A. Stamper and his wife, Sophie P. Stamper, have hereunto set their hands and affixed their respective private seals the day and year first above written.

R. A. Stamper          (SEAL)

Sophie P. Stamper    (SEAL)."

The parties entered into stipulations material to the controversy as follows:

"1. It is admitted that the land in question in this controversy was conveyed by one Parker and others to R. A. Stamper by deed dated March 24, 1945, and which is of record in the office of the Register of Deeds of Wilson County in Book 297 at page 374. . . .

3. It is admitted that a deed from R. A. Stamper and wife to Grover Lamm, dated April 30, 1945, appears of record in the office of the Register of Deeds of Wilson County in Book 487, page 314, and that said deed was filed for registration at 3 p.m. on December 23, 1952.

4. It is admitted that R. A. Stamper and wife executed an instrument of conveyance dated September 7, 1946, to Eunice W. Ricard, which is recorded in Book 487, at page 301, in the office of the Register of Deeds of Wilson County, and which instrument was filed for registration at 10:15 a.m. on December 23, 1952."

It was further stipulated that the interests of the plaintiffs and the defendant orphanage are identical and that R. A. Stamper listed and

Grover T. Lamm paid the taxes on the land for the years 1946 through 1952.

At the close of the plaintiffs' evidence the court sustained the defendant's motion for judgment of nonsuit and the plaintiffs appealed.

*Lamb, Lamb & Daughtridge*
*By: Vernon F. Daughtridge,*
*Cooley & May,*
*By: Hubert E. May, for plaintiffs, appellants.*
*Gardner, Connor & Lee,*
*By: Cyrus F. Lee, for defendant Eunice Williamson Decker Ricard, appellee.*

HIGGINS, J. The record in this case presents for decision the question whether the evidence is sufficient to entitle the plaintiffs to go to the jury on the issues of (1) their ownership, (2) their right to possession of the lands described in Exhibit "A" attached to the complaint.

As in all actions in the nature of ejectment, the plaintiffs, in order to prevail, must show ownership and right to possession. If, in addition, they seek to recover a monetary judgment, they must show wrongful possession and the amount of damages resulting therefrom. The law recognizes a number of ways in which a plaintiff may show title. *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142; *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673; *Powell v. Mills,* 237 N.C. 582, 75 S.E. 2d 759; *Norman v. Williams,* 241 N.C. 732, 86 S.E. 2d 593.

In this case the plaintiffs sought to establish their better title from R. A. Stamper—a common source. They introduced a deed by which R. A. Stamper and wife, for $10.00 and other valuable consideration purported to convey a fee simple estate to Grover T. Lamm. This deed bears date 30 April, 1945. It was filed for registration at 3:00 p.m. 23 December, 1952. The plaintiffs also introduced for the purpose of attack Stamper and wife's quitclaim deed, stipulated to be an instrument of conveyance, dated 7 September, 1946, for One Dollar and other valuable consideration. This deed was filed for registration at 10:15 a.m. 23 December, 1952.

After introducing the Ricard deed "for the purpose of attack" the plaintiffs offer nothing by way of attack. They contend the deed on its face, regardless of the time of registration, is insufficient to defeat the plaintiffs' title.

Thus squarely presented, is the question whether the prior dated but subsequently recorded fee simple deed takes precedence over the subsequently dated but prior recorded "conveyance" to the defendant Ricard. If it does, the court committed error and the case should go back for a jury trial. If it does not, the plaintiffs prove themselves out

of court by showing a superior title in the defendant Ricard from the common source, and the judgment should be affirmed.

The plaintiffs contend that the defendant Ricard received a quitclaim deed which is in itself notice that it may not convey anything. Nevertheless, the deed, by its terms, is for a valuable consideration, and no evidence has been introduced to the contrary. By its terms Stamper and wife "have bargained and sold and do hereby bargain, sell, quitclaim and convey . . . all right, title and interest" to the described lands. It must be admitted that she took what right, title, and interest Stamper and wife had power to convey at the time of the execution and delivery of the conveyance. "The title to realty may be as effectually transferred by quitclaim deed as by any other form of conveyance and such a deed will convey whatever interest the grantor may have at the time it is given." 26 C.J.S., sec. 118, p. 946, citing cases from 31 states under footnotes 97 and 98. A release to any right, title, and interest she may have "is not only sufficient to release her indebtedness against the land described . . . but also to convey all right, title, and interest she had in the premises." *Peel v. Calais*, 224 N.C. 421, 31 S.E. 2d 440.

The plaintiffs further contend that the defendant who claims under a conveyance of later execution but of prior registration "has a burden of proving she is a *bona fide* purchaser for value and, therefore, entitled to the protection of the registration laws." However, the plaintiffs introduced the deed from the Stampers to Ricard, showing its prior registration. In so doing they do not leave to the defendant Ricard the burden of showing she has the superior title from Stamper which she acquired for value, but they carry the burden for her by introducing her deed which shows on its face that it was executed for value and that it was of prior registration. Introduced for the purpose of attack, it remains as evidence in the case, put there by the plaintiffs and unimpeached by them. True, the plaintiffs alleged the quitclaim deed was without consideration and was never delivered. On all matters relating to invalidity the plaintiffs rest on allegation without proof. The deed shows consideration. The registration raises the presumption both of execution and delivery. *Bank v. Sherrill*, 231 N.C. 731, 58 S.E. 2d 741.

The plaintiffs have proceeded on the assumption that the quitclaim deed conveyed nothing because the grantor had nothing left after having executed the warranty deed to Lamm. The assumption overlooks the registration statutes. Without doubt a second warranty deed first registered takes precedence over a prior executed but subsequently registered warranty deed. The form of the second conveyance has no bearing on what the grantor has left to convey. In *Glass v. Shoe Co.*, 212 N.C. 70, 192 S.E. 899, this Court said: "We, therefore, hold that where one makes a deed for a valuable consideration, and the grantee fails to register it, . . . such deed does not . . . bar the entry of a

grantee in a subsequent deed for valuable consideration who has duly registered his deed." G.S. 47-18 provides: "No conveyance of land . . . shall be valid to pass any property, as against creditors or purchasers for a valuable consideration . . . but from the registration thereof in the county where the land lies." The purpose of the statute is to point out to prospective purchasers the one place where they must go to find the condition of land titles—the public registry. "Notice, however full or formal, cannot take the place of registered documents." *Hege v. Sellers,* 241 N.C. 240, 84 S.E. 2d 892; *Eller v. Arnold,* 230 N.C. 418, 53 S.E. 2d 266; *Winston v. Lumber Co.,* 227 N.C. 339, 42 S.E. 2d 218; *Turner v. Glenn,* 220 N.C. 620, 18 S.E. 2d 197; *Hinton v. Williams,* 170 N.C. 115, 86 S.E. 994; *Austin v. Staten,* 126 N.C. 783, 36 S.E. 338. "Under this Section (G.S. 47-18) a grantee in a deed acquires title to the land there conveyed as against subsequent purchasers for value from the date of the registration of the instrument. *Sills v. Ford,* 171 N.C. 733, 88 S.E. 636. And among two or more contracts to sell land, the first one registered will confer the superior right." *Clark v. Butts,* 240 N.C. 709, 83 S.E. 2d 885.

The defendant Ricard's deed, though styled a quitclaim deed, goes somewhat beyond the original purpose and concept of such a deed. Originally the purpose, as the name implies, was to release or abandon a previously asserted claim to some interest in land. The operative words were usually to release, remise and quitclaim. The defendant Ricard's deed recites that Stamper and wife "have bargained and sold, and do hereby bargain and sell, quitclaim and convey . . . all right, title and interest in the lands involved, . . . to have and to hold all of the right, title and interest . . . unto Eunice Williamson Decker (now Ricard), her heirs and assigns in fee simple forever." While the deed purports to convey only such right, title, and interest as the Stampers had, the public registry, upon which the grantee had a right to rely, showed the Stampers had a fee simple title. "Where A conveys . . . to B and later conveys to C, with C recording first, our court has uniformly held that C has the better title, saying, '. . . one first registered will confer the superior right.' . . . Thus under the recordation acts the grantor retains a power to defeat his earlier conveyance, if not recorded, by a subsequent conveyance to a second grantee. This encourages a prompt recordation. In North Carolina, even though C has actual notice of the prior conveyance he will prevail." N. C. Law Review, Vol. 27, p. 377; *Combes v. Adams,* 150 N.C. 64, 63 S.E. 186; *Eaton v. Doub,* 190 N.C. 14, 128 S.E. 494; *Patterson v. Bryant,* 216 N.C. 550, 5 S.E. 2d 849. Until the contract or conveyance is recorded, third parties may deal with the property as if no contract or conveyance existed. *Grimes v. Guion,* 220 N.C. 676, 18 S.E. 2d 170; *Case v. Arnold,*

---

215 N.C. 593, 2 S.E. 2d 694; *Smith v. Turnage-Winslow Co.*, 212 N.C. 310, 193 S.E. 685.

In an action for the recovery of real property the plaintiffs must make out a *prima facie* title; otherwise nonsuit is proper. *Allgood v. Trust Co.*, 242 N.C. 506, 88 S.E. 2d 825; *Gaither Corp. v. Skinner*, 241 N.C. 532, 85 S.E. 2d 909; *Jarman v. Offutt*, 239 N.C. 468, 80 S.E. 2d 248; *McDonald v. McCrummen*, 235 N.C. 550, 70 S.E. 2d 703.

The plaintiffs failed to make out a case in that they failed to show a superior title from R. A. Stamper. The judgment of nonsuit was properly entered, and the judgment of the Superior Court of Wilson County is

Affirmed.